IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER SITTENFELD,<br>a/k/a "P.G. Sittenfeld,"<br><br>Defendant. | Case No.: 1-20-cr-142<br><br>Hon. Douglas R. Cole |

## PROPOSED ORDER

Defendant Alexander "P.G." Sittenfeld has moved to dismiss the indictment against him in full, or, in the alternative, to strike allegations of purported official acts that fail to satisfy the legal requirements for the offenses charged.

The Court rules that defendant's motion to dismiss the indictment should be and is hereby GRANTED because the facts pleaded in the indictment do not constitute an offense. *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 177 (6th Cir. 1992); *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012) ("Although the Government is not required to set forth its entire case in the indictment, if the specific facts that are alleged fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation, the indictment fails to state an offense."); *United States v. Landham*, 251 F.3d 1072, 1081-82 (6th Cir. 2001) (reversing district court's refusal to dismiss indictment charging criminal threats where the specific factual allegations made clear that a "reasonable observer" would not understand the defendant's alleged words as a threat).

RITTGERS & RITTGERS
Attorneys at Law
12 East Warren Street
Lebanon, Ohio 45036
TEL (513) 932-2115
FAX (513) 934-2201

The indictment pleads facts that as a matter of law, negate or contradict the explicit quid pro quo agreement that the government is required to allege and prove in this case because even taken at face value they do not state that defendant agreed that his actions would be controlled by the alleged political contribution payments. *McCormick v. United States*, 500 U.S. 257, 273 (1991). Because this defect infects each count of the indictment, the indictment is dismissed in its entirety. *Id.*; *United States v. Fernandez*, 722 F.3d 1, 20-26 (1st Cir. 2013); *United States v. Terry*, 707 F.3d 607, 612 (6th Cir. 2013); *United States v. Abbey*, 560 F.3d 513, 516 (6th Cir. 2009) (discussing with approval McCormick's explicit *quid pro quo* requirement for political contributions); *United States v. Blandford*, 33 F.3d 685, 696 & n.13 (6th Cir. 1994). Accordingly, it is ORDERED, ADJUDGED, AND DECREED THAT THE INDICTMENT BE, AND IS HEREBY, DISMISSED.

Dated: _____     _____
                                                                              DOUGLAS R. COLE
                                                                              UNITED STATES DISTRICT JUDGE

[OR, in the Alternative:]

The Court rules that, other than the allegations relating to defendant's own vote as a City Councilman, the indictment fails to allege "official acts" under *McDonnell v. United States*, 136 S. Ct. 2355 (2016). The motion to dismiss is therefore granted to the extent that the charges in the indictment allege an explicit promise to take actions other than defendant's own vote in exchange for political contributions. *Id.*; *United States v. Blagojevich*, 794 F.3d 729, 735-36 (7th Cir. 2015). Accordingly, the Court strikes as irrelevant and unduly prejudicial the related allegations in the indictment. *United States v. Marlinga*, 2005 WL 517964, at *2-5 (E.D. Mich. Mar. 2, 2005); *United States v. Vastola*, 670 F. Supp. 1244, 1255

RITTGERS & RITTGERS
Attorneys at Law
12 East Warren Street
Lebanon, Ohio 45036
TEL (513) 932-2115
FAX (513) 934-2201

2

(D.N.J. 1987).

It is thereby ORDERED that the following allegations are stricken from the indictment:

- The last two sentences of paragraph 8.
- Paragraphs 15-17.
- The second sentence of paragraph 20.
- The last sentence of paragraph 22.
- Paragraph 28.
- The second and third sentence of paragraph 29.
- Paragraph 31, except for the first sentence.
- The first and third sentence of paragraph 32.
- Paragraph 35.
- The portion of paragraph 39(g) that reads "to include promising to 'deliver the votes' on matters before Cincinnati City Council related to Project 1; promising to pursue official action that would advance Project 1; promising to pressure and advise, and pressuring and advising, other public officials to take official action relating to Project 1; and."

It is further ORDERED that, no later than 30 days before trial, the Plaintiff United States of America shall jointly furnish defendant and the Court with a revised version of the Indictment that has been prepared so that it does not reveal that it has been revised or redacted from its original form.

**RITTGERS & RITTGERS**
Attorneys at Law
12 East Warren Street
Lebanon, Ohio 45036
TEL (513) 932-2115
FAX (513) 934-2201

SO ORDERED.

Dated: _____   _____
DOUGLAS R. COLE
UNITED STATES DISTRICT JUDGE

**RITTGERS & RITTGERS**
Attorneys at Law
12 East Warren Street
Lebanon, Ohio 45036
TEL (513) 932-2115
FAX (513) 934-2201