EXHIBIT A

**RITTGERS & RITTGERS**
ATTORNEYS AT LAW

CHARLES H. RITTGERS
ELLEN B. RITTGERS
JOSEPH W. SHEA III*
ERIC P. ALLEN*
EDWARD C. PERRY
BARBARA L. STRADY*
KONRAD KIRCHER*
DANIEL E. HAUGHEY
ERIK D. NIEHAUS
JULIETTE GAFFNEY DAME

12 EAST WARREN STREET
LEBANON, OHIO 45036
513.932.2115
FAX 513.934.2201
www.rittgers.com

NICHOLAS D. GRAMAN
SAMANTHA R. WICKTORA
W. MATTHEW NAKAJIMA*
CHARLES M. RITTGERS
NEAL D. SCHUETT
LINDSAY A. LAWRENCE*
RYAN J. MCGRAW
C. STEPHEN KILBURN
GUS J. LAZARES
KOURTNEY P. BRUECKNER
JOHN R. BERNANS
*Also licensed to practice in Kentucky

December 9, 2020

**VIA E-MAIL**

Emily N. Glatfelter
Matthew C. Singer
Assistant United States Attorneys
221 E. Fourth St., Suite 400
Cincinnati, OH 45202
emily.glatfelter@usdoj.gov
matthew.singer@usdoj.gov

**Re: *U.S. v. Sittenfeld*, Case No. 1:20-cr-00142-DRC - Request for Discovery**

Dear Counsel:

On behalf of our client P.G. Sittenfeld, we write to reiterate our previous verbal requests for discovery pursuant to Rules 16(a) and 26.2 of the Federal Rules of Criminal Procedure; the Jencks Act, 18 U.S.C. §3500; *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, including *Kyles v. Whitley*, 514 U.S. 419 (1995) and *Giglio v. United States*, 405 U.S. 150 (1972).  We also request notice of various items as predicates for motions under Federal Rule of Criminal Procedure 12.  Finally, we write to address the protective order in this case.

**I.     Discovery Requests**

We ask that you provide the discovery requested in this letter and advise us of any specific requests with which the government declines to comply. We will be glad to discuss the requests and attempt to resolve any differences.

Consistent with DOJ policy, and in accordance with cases such as *United States v. Safavian*, 233 F.R.D. 12, 16-17 (D.D.C. 2005), *United States v. Carter*, 313 F. Supp. 2d 921, 923-25 (E.D. Wis. 2004), and *United States v. Sudikoff,* 36 F. Supp. 2d 1196, 1199-1204 (C.D. Cal. 1999), as well as the Ohio Rules of Professional Conduct, Rule 3.8(d), 28 U.S.C. 530B, *see, e.g.*, *United States v. Acosta*, 357 F. Supp. 2d 1228 (D. Nev. 2005), our position is that the government must disclose all favorable documents and information without regard to the probability that the disclosure would change the outcome of the trial.  *See* Dep't of Justice, Justice Manual § 9-5.001.  We also take the position that favorable documents and information must be disclosed even if inadmissible, as long as the documents and information are reasonably likely to lead to the discovery of admissible evidence.  Please let us know if you disagree with these principles so we can discuss them with you, and if necessary bring any disputes to the Court for resolution.

Page 2
December 9, 2020

The documents[1] and information requested include not only the documents and information in the possession, custody, and control of your office, but also documents and information in the possession, custody, or control of any agency allied with the prosecution, including the Federal Bureau of Investigation, and any other United States Attorney's Office (collectively, the "government").

Our requests including the following listed information and documents and any and all other discoverable information and documents within the government's custody and control, or which is known or by the exercise of due diligence could be known to the government:

- **Recordings and Transcripts of All Undercover Meetings and Calls.**  To date, the only discovery materials that we have received are audio and video files reflecting recorded meetings with your informant and law enforcement agents.  We have not yet received any transcripts of these recordings.  Please produce all remaining audio and video recordings in which our client is either present or referenced, and full and complete transcripts of all recordings, all of which are critical to our defense.  You have informed us that you are still finalizing some of the transcripts, and so we request immediate production of all draft transcripts within 7 days, and production of the final transcripts as they become available, and no later than by December 21.

- **All Other Client Statements.**  We request production of all other statements by Mr. Sittenfeld, including any document containing or describing the substance of any statement by him.  If these statements are contained on audio or video recordings, we request full and complete transcripts.

- **Client Actions Related to Development Projects.**  We request production of all documents and information that indicate our client's support for the project referred to as "Project 1" in the indictment, including any that relate to our client's position or activities regarding "Project 1" before the events alleged in the indictment, to the sale of the "Project 1" location to the Port Authority, to "getting," shepherding," "finding," or otherwise gathering votes in connection with "Project 1," to sports betting at "Project 1," or to limiting sports betting at other locations.  We also request all documents and information that indicate our client's support for, positions regarding, or official actions taken related to other development projects in the City of Cincinnati.

- **Client-Related Campaign Contributions.**  We request production of all documents and information that indicate campaign contributions to our client and any entity affiliated with our client.

- **Prior Criminal Records.**  We request a copy of our client's prior criminal record (if any).  We also request a copy of the prior criminal record of any potential government witness and any government informant.

- **Rule 404 Evidence.**  We request all documents, information, and other evidence regarding Mr. Sittenfeld's character that might be admitted by the defense or offered by the government in rebuttal pursuant to Federal Rule of Evidence 404(a).  We also request all documents, information, and other evidence regarding Mr. Sittenfeld that the government is considering or has considered introducing in its case-in-chief pursuant to

---

[1] The word "documents" includes all books, papers, letters, correspondence, e-mails, notebooks, reports, memoranda, studies, diaries, notes, messages, computer facilitated or transmitted materials, images, photographs, information in any computer database, audio and video tapes, recordings, transcripts, ledgers, printouts and all drafts, copies, or portions thereof, and any other written, recorded, or memorialized material of any nature whatsoever.

Federal Rule of Evidence 404(b). We also request notice as early as possible pursuant to Rule 404(b) of the government's intent to use any such evidence, including for what purpose the evidence will be offered.

- **Confidential Witness Information.** We request all documents, information, and written communications (texts, emails, etc.) that relate to the confidential witness, identified as CW-1 in the Indictment. This includes, but is not limited to, the CW-1's Confidential Informant File, Confidential Human Source File, or other government agency file. It also includes all other documents and information reflecting CW-1's relationship and agreement with the government, as well as information relating to any other situations where this confidential witness was used by the government. We also request all communications between any representative of the government and any attorney or representative of CW-1. We also request all documents and information that bear on the credibility of CW-1, including all documents and information that bear on prior bad acts, lack of veracity, bias, or other motivations for untruthfulness by CW-1. This request includes but is not limited to all documents and information that show all campaign contributions made by CW-1 since January 1, 2012, relating to candidates and elections within the State of Ohio, all documents and information relating to the CW-1's Reading Road hotel project, and all documents and information related to allegations that CW-1 was untruthful or caused documents to be falsified in any official matter, investigation, or proceeding, including in an eviction proceeding related to property that CW-1 owns in Mt. Auburn. This request also includes but is not limited to documents and information that show whether and how the government evaluated any such information in determining how to use CW-1 in its investigations.

- **Plea Agreements and Immunity Agreements.** We request all immunity letters, conditional leniency letters, proffer letters, and plea agreements with any witness, subject or target of the government's investigation (including the confidential witness). This request should be read expansively to include all such agreements with any individual and related communications, even if the agreement was modified or rejected. We also request any and all documents that show the process by which any such agreements were reached, and documents reflecting any other promises, threats, benefits, offers, or payments relating to any potential government witness or any government informant.

- **Agent Information**. We request the identities of every agent who worked on the investigation, including the undercover agents identified as "UCE-1, UCE-2, and UCE-3" in the Indictment. We also request all information regarding the credibility of the agents, situations in which each agent has been used in a similar capacity by the government (including cases involving other elected officials), and any prior testimony. Our request includes all documents and information reflecting any adverse credibility findings by any court or government official, including administrative or disciplinary proceedings.

- **Summary of Testimony.** We request a written summary of testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case in chief at trial. The summary should describe the witnesses' opinions, and the bases and reasons for those opinions, and the witnesses' qualifications.

- **Witness Interview Notes, Reports, and Related Materials.** We request all original and contemporaneous witness interview notes, reports and FBI 302s, as well as all draft, final, revised, and annotated versions of the same. We also request all materials shown to witnesses during the course of any interview and all recordings of any such interviews. This request includes interviews and surreptitiously recorded statements involving witnesses in investigations of other public officials that reference Mr. Sittenfeld.

Page 4
December 9, 2020

- **Other Witness Information.**  We request all evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to our client.  We also request all documents and information that bear on the credibility of any prospective government witness, including all other documents and information that bear on prior bad acts, lack of veracity, bias, or other motivations for untruthfulness.

- **Reports of Examinations or Tests.**  We also request all results or reports of physical or mental examinations, scientific tests or experiments, or copies thereof, which are material to the preparation of the defense or are intended for use by the government as evidence in chief at trial.

- **Grand Jury Transcripts and Subpoena Responses.**  We request all grand jury transcripts from the government's investigation that led to the indictment of Mr. Sittenfeld, the identities of grand jury subpoena recipients, and all documents and information produced in response to any grand jury subpoenas.  Please produce these materials in a manner that will enable the defense to correlate the discovery materials with the individuals who produced them and the timing of those productions.

- **Predication and Motivation of Investigation.**  We request all documents and information relating to the initiation of the investigation into Mr. Sittenfeld and the government's motives for pursuing this case.  This includes, but is not limited to, information regarding the ways in which the investigation first began (e.g., when, how, why) and how it proceeded, as well as the decision to conduct further investigative activities relating to "Project 1" after December 2018, as alleged beginning in Paragraph 24 of the Indictment.  This also includes all government diligence related to the credibility of CW-1 and predication for the undercover meetings and the use of any investigative surveillance techniques.  It also includes the government's indictment memoranda, case opening memoranda, "articulated reasons" memoranda, all drafts of the same, and any other related communications.

- **Cost Information**.  We request information regarding the amount and purpose of expenses the government incurred to investigate this case.  This includes any and all payments to any confidential witnesses or informants, including CW-1, and all costs related to all undercover meetings and investigative techniques used during the investigation, including any costs associated with renting locations at which to conduct undercover meetings.  It also includes all memoranda and communications justifying or requesting the expenditure of government funds for any investigative activities.

- **Press Communications**.  We request all documents and communications regarding Mr. Sittenfeld that potentially fall within the scope of Southern District of Ohio Local Rule 57.1 relating to publicity and disclosures.  This request includes, but is not limited to, the identities of reporters and media outlets the government has communicated with on-the-record or off-the-record regarding the case and all copies of recordings, notes, or written summaries relating to such communications.  It also encompasses public statements and press conferences involving U.S. Attorney David DeVillers and FBI Special Agent in Charge Chris Hoffman.

- **Other Investigations**.  The government has made statements to the effect that the alleged conduct in this investigation is part of a "culture of corruption" in Cincinnati and Ohio that the government is attempting to "address."  We request that the government identify all other investigations and prosecutions that it contends are part of this "culture

of corruption," and produce any and all documents and information from those investigations relating to our client, CW-1, UCE-1, UCE-2, UCE-3, or any other potential government witness. We also request that the government produce all documents and information that would indicate the use of recorded undercover meetings or offers of campaign contributions or any other payments to any person by any government agent or informant for or related to "Project 1" or "sports betting." We also request all documents and information describing or referencing any government initiatives or programs targeting public officials or public corruption offenses in the State of Ohio, including but not limited to all program descriptions, policies, or directives.

- **Written Communications.** To the extent not covered above, we request all emails, text messages, or written communications in any form whatsoever that the government possesses or reviewed in connection with the investigation. This includes communications solely between investigation witnesses, subjects or targets, as well as communications with such individuals and any representative of the government. It also includes all communications between or among any government attorney, agent, or other official that in any way comment on or relate to the investigation.

- **All Other Documents and Tangible Objects.** We request copies of all other books, papers, documents, data, photographs, recordings, and the identification of and opportunity to inspect all tangible objects, buildings or places, that are material to the defense or that the government intends to use or reference at trial.

- **All Other Mitigation Information.** We request copies of all other documents or information (in any form) tending to establish that any of the allegations in the indictment are not true, or that would tend to contradict or mitigate either the government's theory of its prosecution or arguments in aggravation at any point in these proceedings.

- **All Other Impeachment Information.** We request copies of all other documents or information (in any form) that may be used to impeach any potential prosecution witness. This includes both witnesses whom the prosecution intends to call to the witness stand and declarant whose out-of-court statements the prosecution intends to present as non-hearsay or pursuant to a hearsay exception. We note that such impeachment information includes information developed in the course of interviewing potential prosecution witnesses and preparing them for trial, whether or not it is memorialized in writing. The impeachment information that we request includes all categories of information set forth in the January 4, 2010 Ogden Memorandum, including those items listed in Step 1.B.7.

We ask that any materials that the government intends to use at trial be specifically identified, both to enable counsel to prepare effectively for trial and to afford Mr. Sittenfeld an opportunity to move to suppress any such evidence. In addition, with respect to all materials produced pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E) or *Brady*, we ask that you identify the source of the materials.

We request production of these materials within seven (7) days, unless specified above. We understand from Monday's call that the government plans to produce additional materials by the end of this week and another set of materials next week. Please notify us if the government anticipates further delays in its production of discoverable material to the defense.

We also specifically request preservation of all documents and information in whatever form, including but not limited to all notes, reports, memoranda, logs, video and audio tapes, dispatch/radio broadcasts, surveillance records, telephone conversations, photographs and any and all physical evidence that may be destroyed, lost, or otherwise put out of the possession,

Page 6
December 9, 2020

custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case. Please advise all relevant agencies and personnel regarding this request. We also request that all information and statements taken in whatever form including but not limited to meetings, conferences, conversations, debriefings, and proffers be audio or tape recorded. Tape recording those proceedings will insure an accurate record of what statements are actually made by any potential witness.

II. **Predicates for Rule 12 Motions and Notice of Certain Types of Evidence**

As a predicate to motions pursuant to Federal Rule of Criminal Procedure 12, our client also requests that you notify us as soon as possible of the following:

- Whether the prosecution intends to offer into evidence any statement made by our client and the substance of any such statement.

- Whether evidence in the government's possession, custody, or control was obtained by a search and seizure, and a description of any such evidence.

- Whether any evidence in the government's possession, custody, or control was obtained through electronic or mechanical surveillance, including without limitation wiretaps, body wires, pen registers, interception of telephone and fax communications, interception of e-mails, or video surveillance, and a description of any such evidence.

- Whether any evidence in the government's possession, custody, or control was obtained through a mail cover or trash cover, and a description of such evidence.

- Whether the government employed any informant or undercover agent other than CW-1, UCE-1, UCE-2, and UCE-3 during its investigation of the charges.

- In connection with any electronic or mechanical surveillance of our client during the investigation of the allegations of the indictment or any related allegations: (a) video and audiotape and transcripts of the statements or conversations monitored, (b) copies of any fax communications or e-mails intercepted, (c) the procedures used to conduct such surveillance, and (d) the authority under which such surveillance was conducted.

- Whether the government obtained any evidence under the purported authority of 18 U.S.C. § 2510 *et seq*, ("Title III").

- Whether the government obtained any "suspicious activity reports" provided pursuant to the Bank Secrecy Act.

- Any search or surveillance authorized under Rule 41 of the Federal Rules of Criminal Procedure.

- Any use of a cell-site simulator (*e.g.*, Stringray or Hailstorm device) or GPS-tracking device.
- Any demand for records pursuant to a subpoena that produced information pertaining to our client, including phone records, internet records, or financial records.

- Any disclosure of communications or records pursuant to the Stored Communications Act, 18 U.S.C. § 2702-03.

- Any monitoring of social media platforms that produced information concerning our client.

- Any communications, chat logs, metadata, or other records that the government possesses concerning any communications by our client through WhatsApp, Facebook, Twitter, Skype, iMessage, PalTalk, Telegram, Surespot, or any other social media or online communications platform.

- Any information favorable to the defense located in the files or databases of other agencies, regardless of whether the government intends to use the information in this proceeding.

We also request notice of whether the government intends to use the following types of evidence:

- Any chart, summary, or calculation pursuant to Federal Rule of Evidence 1006.  If so, we request that all such charts, summaries, and calculations be produced, along with all writings, recordings, or other information on which such charts, summaries, or calculations are based.

- Any statement as to which our client allegedly manifested his adoption or belief in its truth, Fed. R. Evid. 801(d)(2)(B), and if so, the substance of any such statement.

- Any statement made by another which was purportedly authorized our client. Fed. R. Evid. 801(d)(2)(C).

- Any statement made by an agent or employee of our client concerning a matter within the scope of his or her agency or employment made during the existence of such a relationship. Fed. R. Evid. 801(d)(2)(D).

- Any statement made by an alleged co-conspirator during the course of an in furtherance of any alleged conspiracy. Fed. R. Evid. 801(d)(2)(E).

- Any Rule 404 evidence as described above. Fed. R. Evid. 404.

### III.    Protective Order

We request that all materials be designated as Tier 1 pursuant to the protective order unless they reveal sensitive investigative methods or impact specific and definable third-party privacy interests.

Based on the designations of the limited discovery materials produced to-date, we are concerned that the government's designations are not necessary and will hamper our ability to use core discovery materials in Mr. Sittenfeld's defense.  For example, the government designated the entirety of its initial production of recordings as "Tier 2," although it does not appear to us based on our review to date that the recordings designated Tier 2 reveal sensitive law enforcement information or impinge upon specific privacy interests—indeed, these same recordings were liberally referenced and quoted in the indictment, which is obviously a matter of public record.

We did not read the order as justifying blanket designation of categories of materials without regard to whether they would reveal "sensitive investigative methods" or specific privacy interests, and we think that such blanket designation is unwarranted.  Accordingly, we request that the government re-designate its initial production and apply individualized designations to all future productions.

Also, the Protective Order requires signed acknowledgments to be filed with the Court under seal.

Page 8
December 9, 2020

Because these acknowledgments could reveal aspects of Mr. Sittenfeld's defense strategy to the government, we intend to file signed acknowledgment forms with the Court *ex parte* and *in camera*. We understand the government has no objection to the defense filing these forms *ex parte* and *in camera*, but please let us know if that understanding is incorrect.

If you feel that these matters should be addressed through an amendment to the Protective Order, please let us know.

Please consider all of the requests for documents and information in this letter to be continuing requests for all additional material that the government discovers before or during trial.

Please feel free to contact us about any of the matters in this letter by phone or email.

Sincerely,

**RITTGERS & RITTGERS**

*Charles H. Rittgers*

Charles H. Rittgers

*Charles M. Rittgers*

Charles M. Rittgers

cc:
Michael Dreeben
Margaret Carter