EXHIBIT E

## AFFIDAVIT

State of Ohio )
) SS:
__Hamilton__ County )

Mark Godsey, being first duly cautioned and sworn, deposes and says:

1. I am currently the Director and co-founder of the Ohio Innocence Project (OIP) and a professor at the University of Cincinnati College of Law.
2. I am a former Assistant United States Attorney (AUSA) for the Southern District of New York, where I prosecuted crimes ranging from public corruption to organized crime
3. After graduating from law school in 1993, I clerked for Chief Judge Monroe G. McKay of the U.S. Court of Appeals for the Tenth Circuit
4. In 2017, I authored the best-selling book <u>Blind Injustice: A Former Prosecutor Exposes the Psychology and Politics of Wrongful Convictions</u> which is considered a foundational work in the field of wrongful convictions.
5. I am dedicated to spreading awareness of wrongful convictions around the world. I helped establish the European Innocence Network, where I currently serve as a board member, and I direct the Global Study of Wrongful Conviction. Both organizations assist lawyers and scholars in other countries establish mechanisms for fighting wrongful convictions.
6. As a former AUSA, current legal scholar, and Director of OIP, I am familiar with *Brady*, *Giglio*, and *Kyles* disclosures and the impact the timely disclosure, or lack thereof, this material has on a defendant's ability to mount a meaningful defense. In six of our last eight OIP wrongful conviction cases, we found that the government withheld *Brady* material from the exoneree which contributed to the wrongful conviction.
7. As a trial attorney, the affect and impact that the timely exchange of evidence has on a trial is monumental in adequately representing the accused. Any piece of favorable, impeachment, or exculpatory evidence can make the difference between a wrongful conviction or an acquittal. The use of this material requires significant preparation, analysis, and inquiry well in advance of trial so that its potential impact can be fully utilized at trial.
8. Even the best trial attorney cannot adequately analyze key evidence on short notice. As we recognize in civil cases, several months of preparation and work is required after key disclosures are provided. Even if not admissible, a single disclosure can be the building block that leads to the discovery admissible exculpatory evidence so long as the defendant has the time to conduct his own due diligence after the initial disclosure.
9. Indeed, in many of my cases with the Ohio Innocence Project, after we discovered the suppressed *Brady* material, it took weeks or months of investigation to determine its probative value and to make proper use of it in court. Often *Brady* disclosures open up entirely new avenues of investigation, and the disclosures are meaningless if there is not sufficient time for a proper investigation to take place.
10. Our system calls for a criminal defendant to have a full and fair opportunity to defend themselves. That cannot happen without *Brady* disclosures many months before trial.

Further affiant sayeth naught.

_[signature]_
Mark Godsey

Sworn to before me and subscribed in my presence this 8 day of February, 2021.

[Notary Seal: NOTARIAL SEAL — STATE OF OHIO]

JEREMY BLAIR
Notary Public, State of Ohio
My Commission Expires:
05/18/2025

_[signature]_
Notary Public