# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER SITTENFELD,<br>a/k/a "P.G. Sittenfeld,"<br><br>Defendant. | Case No.: 1-20-cr-142<br><br>Hon. Douglas R. Cole<br><br>**DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE TO DEFENDANT'S SECOND MOTION TO COMPEL DISCOVERY** |

The Government spent a considerable amount of time in its Response to the Defendant's Second Motion to Compel Discovery (Doc. 87 at PageID 925) focused on its substantive due process obligations as defined by *Brady v. Maryland,* 373 U.S. 83 (1963) and its progeny. However, the Defendant has not argued that the government's duty to satisfy its *substantive* obligations under *Brady, United States v. Giglio*, 405 U.S. 150 (1972), or the Jencks Act were materially changed by the Due Process Protection Act ("DPPA"). The Defendant agrees that the government is required to disclose exculpatory and impeachment evidence prior to trial. Rather the Defendant has argued that DPPA and this Court's Due Process Protections Act Order (Doc 09 (Page ID 52)) ("Due Process Order") changed the *procedural* due process obligations of the government.

"Procedural due process at its core requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *Garcia v. Federal Nat. Mortg. Ass'n,* 782 F.3d 736, 741 (6th Cir. 2015), quoting *Armstrong v. Manzo,* 380 U.S. 545, 552 (1965) (internal quotation marks omitted). In order for this Court to give weight to the enumerated pretrial remedies in its Due Process Order, thereby providing Mr. Sittenfeld with a meaningful time and manner to be heard prior to the deadline for pretrial motions, the traditional timeline for when the government would disclose evidence pursuant to *Brady, Giglio,* and/or Jencks must be modified. "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Derezic v. Ohio Dept. of Educ.*, 104 F.Supp.3d 858, 868 (S.D. Ohio 2015), quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) (internal quotation marks omitted); *Garcia* at 741, citing *Gilbert v. Homar*, 520 U.S. 924, 930 (1997).

Accordingly, the Defendant's procedural due process rights demand that the government disclose the requested material prior to the pretrial motion deadline established by this Court. The government's request to follow the traditional timeline established by Jencks is, ostensibly, a request that is asking this Court to ignore the terms of its own Due Process Order. Based on the foregoing and the law and argument presented in his Second Motion to Compel Discovery, the Defendant respectfully requests that his Motion be granted.

Respectfully submitted,

RITTGERS & RITTGERS

_____
Charles M. Rittgers

Charles H. Rittgers
Neal D. Schuett
Rittgers & Rittgers
12 East Warren Street
Lebanon, OH 45036
(513) 932-2115
charlie@rittgers.com
*Counsel for the Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Reply was filed with the Court's CM/ECF System this 13th day of April, 2022, which provides electronic notice to all parties.

RITTGERS & RITTGERS

_____
Charles M. Rittgers
Charles H. Rittgers
Neal D. Schuett
*Counsel for the Defendant*