# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CASE NO. 1:20-CR-142** |
| | : | |
| **Plaintiff,** | : | |
| | : | **JUDGE COLE** |
| **v.** | : | |
| | : | |
| | : | **PROPOSED JURY** |
| **ALEXANDER SITTENFELD,** | : | **INSTRUCTIONS &** |
| **a/k/a "P.G. Sittenfeld,"** | : | **VERDICT FORM** |
| | : | |
| **Defendant.** | : | |

---

## UNITED STATES' PROPOSED
## JURY INSTRUCTIONS AND VERDICT FORM

The United States of America, through the undersigned Assistant United States Attorneys, hereby submits the following proposed jury instructions and verdict form.

KENNETH L. PARKER
United States Attorney

*s/ Matthew C. Singer*
MATTHEW C. SINGER (IL 6297632)
EMILY N. GLATFELTER (0075576)
MEGAN GAFFNEY PAINTER (NY 4849220)
Assistant United States Attorneys
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
Office: (513) 684-3711
Fax: (513) 684-6385
Email:  Matthew.Singer@usdoj.gov
E-mail: Emily.Glatfelter@usdoj.gov
E-mail: Megan.Painter@usdoj.gov

## **Table of Contents**

A.  Sixth Circuit Pattern Instructions - General.................................................... 3

B.  Proposed Government Instructions

    1.  Redactions............................................................................................. 4

    2.  Counts One and Two 1: 18 U.S.C. §§ 1343, 1346 (Honest Services Wire Fraud) ...................................................................................... 5

    3.  Counts Three and Five: 18 U.S.C. § 666 (Bribery Concerning Programs Receiving Federal Funds........................................................... 20

    4.  Counts Four and Six: 18 U.S.C. § 1951 (Attempted Extortion Under Color of Official Right............................................................................ 25

    5.  Campaign Contributions........................................................................ 30

C.  Sixth Circuit Pattern Instructions – Final ...................................................... 33

D.  Verdict Form .................................................................................................. 34

## Sixth Circuit Pattern Instructions - General

The United States requests that the Court provide the standard, applicable preliminary and closing instructions to the jury as set forth in the Sixth Circuit Pattern Jury Instruction, including the following Pattern Instructions:

<u>GENERAL INSTRUCTIONS</u>

| | |
|---|---|
| 1.01-1.09 | General Principles |
| 2.01 | Introduction |
| 2.01(A) | Single Defendant Charged with Multiple Crimes |
| 2.04 | On or About |
| 2.08 | Inferring Required Mental State |
| 7.02A | Defendant's Election Not to Testify or Present Evidence (If applicable) |
| 7.02B | Defendant's Testimony (if applicable) |
| 7.07 | Testimony Under Reduced Criminal Liability |
| 7.12A | Secondary-Evidence Summaries Admitted in Evidence |
| 7.13 | Other Acts of the Defendant (if applicable) |
| 7.21 | Stipulations (if applicable) |

## <u>Government's Proposed Instruction No. 1</u>
(Redactions)

The Court's rules require that certain information be redacted from exhibits.

You should not draw any inference from the fact that an exhibit is redacted.

**Government's Proposed Instruction No. 2**
Count One and Two: 18 U.S.C. §§ 1343, 1346
(Honest Services Wire Fraud)

Counts One and Two each charges the defendant with honest services wire fraud, in violation of 18 U.S.C. § 1343, 1346. The indictment alleges:

1. Beginning on or about September 21, 2018 to on or about February 4, 2020, in the Southern District of Ohio and elsewhere, the defendant, **ALEXANDER SITTENFELD (a/k/a "P.G. Sittenfeld")**, knowingly devised and intended to devise a scheme and artifice to defraud and deprive the citizens of the City of Cincinnati and the Cincinnati City Council of the honest services of **SITTENFELD**, an elected member of Cincinnati City Council, through bribery and the concealment of material information.

**PURPOSE OF SCHEME**

2. The purpose of the scheme and artifice was for **SITTENFELD** to use his official position with Cincinnati City Council to enrich himself through corruption by seeking, receiving, accepting, and agreeing to receive and accept things of value from individuals supporting Project 1 in exchange for favorable specific official action.

**MANNER AND MEANS**

3. The scheme and artifice was carried out in the following manner and means, among others:

a. **SITTENFELD** contacted CW knowing CW had business before the City of Cincinnati relating to Project 1 and knowing that CW was having difficulty developing Project 1 because of issues Project 1 had involving the City of Cincinnati.

5

b. **SITTENFELD** met with UCE-1 knowing and believing that UCE-1 had a business relationship with CW relating to Project 1.

c. **SITTENFELD** soliciated and sought money from CW and UCE-1 knowing that CW had business before the City of Cincinnati relating to Project 1 and believing that UCE-1 had business before before the City of Cincinnati relating to Project 1.

d. **SITTENFELD** then agreed to receive and accept money from UCE-1 and others knowing that CW had business before the City of Cincinnati relating to Project 1 and believing that UCE-1 had business before the City of Cincinnati relating to Project 1.

e. **SITTENFELD** later personally accepted and received money from UCE-1 and UCE-3, to include:  two checks totaling $10,000 to PAC for **SITTENFELD's** benefit on or about November 28, 2018 (which were not deposited); four checks totaling $20,000 to PAC for **SITTENFELD's** benefit on or about December 17, 2018; two checks totaling $10,000 to PAC for **SITTENFELD's** benefit on or about September 24, 2019; and two checks totaling $10,000 to PAC for **SITTENFELD's** benefit on or about October 29, 2019.

f. **SITTENFELD** accepted and received money from UCE-1 and others knowing and believing that the money was given to **SITTENFELD** in exchange for **SITTENFELD** promising to provide and providing specific official action in his role as a public official relating to Project 1.

6

g.      In exchange for and because of the money accepted and received by **SITTENFELD**, **SITTENFELD** promised to and did provide specific official action relating to Project 1, to include promising to "deliver the votes" on matters before Cincinnati City Council relating to Project 1; promising to pursue official action that would advance Project 1; promising to pressure and advise, and pressuring and advising, other public officials to take official action relating to Project 1; and voting in the interests of Cooperating Witness 1, UCE-1, and UCE-2 with regards to Project 1.

h.      **SITTENFELD** took steps to hide, conceal, and cover up his activity by accepting the payments in a manner to hide the identities of the individuals providing the payments.

### USE OF INTERSTATE WIRES

4.      On or about the dates listed below, in the Southern District of Ohio and elsewhere, the defendant, **ALEXANDER SITTENFELD (a/k/a "P.G. Sittenfeld")**, for the purpose of executing the above-described scheme and artifice to defraud and deprive, transmitted and caused to be transmitted by means of wire communication in interstate commerce, the following writings, signals, and sounds:

| <u>Count</u> | <u>Date</u> | <u>Wire Transmission</u> |
|---|---|---|
| 1 | November 21, 2018 | Telephone call between the Defendant and UCE-1 in which the Defendant discussed paying money to Political Committee A. |
| 2 | September 25, 2019 | Telephone call between the Defendant and UCE-1 in which the Defendant discussed  receipt of payment on September 24, 2019. |

Because Count One and Count Two charge the same violation, the same elements apply to both counts.  However, as I instructed you earlier, you must separately consider the evidence that relates to each count, and to return a separate verdict for each one.  For each, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular count.[1]  For Count One and Count Two, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:[2]

1. That the defendant knowingly devised or participated in a scheme to defraud the public of its right to the honest services of the public official through bribery;

2. That the scheme included a material misrepresentation or concealment of a material fact;

3. That the defendant had the intent to defraud; and

4. The defendant used wire, radio or television communications or caused another to use wire, radio or television communications in interstate commerce in furtherance of the scheme.[3]

Now I will give you more detailed instructions on some of these terms.

---

[1] This language comes from Sixth Circuit Pattern Instruction 2.01A, but have substituted "count" for "charge" for clarity.

[2] The following elements and definitions are derived from Fed. Crim. Jury Instr. 7th Cir. 666(a)(1)(B)[1] (2020 ed.), Fed. Crim. Jury Instr. 7th Cir. 666(a)(1)(B)[1] (2020 ed.).

[3] Sixth Circuit Pattern Instruction 10.02 (modified for honest services fraud).

9

The first element that the government must prove is that the defendant knowingly devised or participated in a scheme or artifice to defraud the public and the government of their to right to a public official's honest services through bribes. A "scheme" is any plan or course of action formed with the intent to accomplish some purpose. Thus, to find the defendant guilty of this offense, you must find that the defendant devised or participated in a plan or course of action involving bribes to a public official.[4]

Public officials owe a fiduciary duty to the public.[5] To owe a fiduciary duty to the public means that the official has a duty of honesty and loyalty to act in the public's interest, not for his or her own enrichment.[6] When a public official devises or participates in a bribery scheme, that official violates the public's right to his or her honest services. This is because the official outwardly purports to be exercising independent judgment in official work,

---

[4] *Skilling v. United States*, 561 U.S. 358, 407 (2010) (honest services fraud criminalizes bribes and kickbacks); *United States v. Silver*, 948 F.3d 538, 550–51 (2d Cir. 2020), *cert. denied*, 141 S. Ct. 656 (2021) ("The mail and wire fraud statutes criminalize use of their respective communication channels for the purpose of executing a 'scheme or artifice to defraud.' 18 U.S.C. §§ 1341, 1343. Where, as here, the fraud is prosecuted as a scheme or artifice 'to deprive another of the intangible right of honest services,' *id*. § 1346, it is known as 'honest services' fraud.")

[5] *Skilling v. United States*, 561 U.S. 358, 407 (2010).

[6] *See Skilling v. United States*, 561 U.S. 358, 407 (2010); *see also United States v. Silver*, 948 F.3d 538, 551 (2d Cir. 2020), *cert. denied*, 141 S. Ct. 656 (2021) ("Public sector honest services fraud is premised upon an underlying theory that a public official acts as trustee for the citizens and the State and thus owes the normal fiduciary duties of a trustee, *e.g.*, honesty and loyalty to them.") (internal quotation marks omitted).

but instead has received benefits for the outcome or deed. The public is defrauded because the public is not receiving what it expects and is entitled to, namely, the public official's honest services.[7]

Bribery involves the agreement to exchange or exchange of a thing or things of value in return for specific official action by a public official, in other words, a *quid pro quo* (a Latin phrase meaning "this for that" or "these for those").[8] A bribery exchange includes a public official's solicitations of things of value in exchange for specific official action[9], and a public official's receipt of things of value with knowledge and understanding that they were made in return for specific official action[10]. That is, bribery includes the public

---

[7] *Skilling v. United States*, 561 U.S. 358, 401 (2010); *United States v. Terry*, 707 F.3d 607, 611 (6th Cir. 2013); *see also United States v. Lopez-Lukis*, 102 F.3d 1164, 1169 (11th Cir. 1997) ("When a government officer decides how to proceed in an official endeavor—as when a legislator decides how to vote on an issue—his constituents have a right to have their best interests form the basis of that decision. If the official instead secretly makes his decision based on his own personal interests—as when an official accepts a bribe . . . —the official has defrauded the public of his honest services.").

[8] *United States v. Terry*, 707 F.3d 607, 611 (6th Cir. 2013).

[9] *Skilling v. United States*, 561 U.S. 358, 413 (2010); *United States v. Hills*, 27 F.4th 1155, 1180 (6th Cir. 2022).

[10] Sixth Circuit Pattern Instructions for 17.02 (Extortion Under Color of Official Right); *United States v. Evans*, 504 U.S. 255, 268 (1992) (We hold today that the Government need only show that a public official has obtained a payment to which he was not entitled, knowing that the payment was made in return for official acts."); *United States v. Silver*, 948 F.3d 538, 551 (2d Cir. 2020) , *cert. denied*, 141 S. Ct. 656 (2021) (for honest services fraud, "the Government must additionally prove a quid pro quo, which we have variously defined as 'knowledge' of the payor's expectations, an "underst[anding] that the . . . payments were made in return for official action,' or a 'promise[] to perform' an official act in exchange for payment") (internal citations omitted).

official's solicitation, receipt, acceptance, or agreement to accept a thing of value in exchange for specific official action,[11] whether or not the payor actually provides the thing of value,[12] and whether or not the public official ultimately performs the requested official action or intends to do so.[13]

The public official and the payor need not state the *quid pro quo* in express terms, for otherwise the law's effect could be frustrated by knowing winks and nods.[14] Rather, the intent to exchange may be established by circumstantial evidence, based upon the defendant's words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.[15]

---

[11] *United States v. Evans*, 504 U.S. 255, 268 (1992); *United States v. Terry*, 707 F.3d 607, 614 (6th Cir. 2013).

[12] *United States v. Brewster*, 408 U.S. 501, 526 (1972); *Pasquantino v. United States*, 544 U.S. 349, 371 (2005); *United States v. Ring*, 706 F.3d 460, 467 (D.C. Cir. 2013); *United States v. Terry*, 707 F.3d 607, 612 (6th Cir. 2013); *United States v. Ring*, 706 F.3d 460, 466–67 (D.C. Cir. 2013); *see also United States v. Silver*, 948 F.3d 538, 551 (2d Cir. 2020), *cert. denied*, 141 S. Ct. 656 (2021) ("bribery criminalizes 'corrupt promise[s]'").

[13] Sixth Circuit Pattern Instructions for 17.02 (Extortion Under Color of Official Right) (commentary citing *United States v. Brewster*, 408 U.S. 501, 527 (1972)); *United States v. Evans*, 504 U.S. 255, 268 (1992); *United States v. Abbey*, 560 F.3d 513, 518 (6th Cir. 2009)); *United States v. Silver*, 948 F.3d 538, 552 (2d Cir. 2020), *cert. denied*, 141 S. Ct. 656 (2021); *see also United States v. Terry*, 707 F.3d 607, 612 (6th Cir. 2013) (recognizing that courts properly look to extortion case law to interpret honest services bribery).

[14] Sixth Circuit Pattern Instructions for 17.02 (Extortion Under Color of Official Right); *United States v. Evans*, 504 U.S. 255, 274 (1992); *United States v. Terry*, 707 F.3d 607, 612 (6th Cir. 2013); *United States v. Blagojevich*, 794 F.3d 729, 738 (7th Cir. 2015).

[15] Sixth Circuit Pattern Instructions for 17.02 (Extortion Under Color of Official Right); *United States v. Terry*, 707 F.3d 607, 613–15 (6th Cir. 2013).

Bribery requires the intent to effect an exchange of money or other thing of value for specific official action, but each payment need not be correlated with a specific official act.[16]

It is not a defense to claim that a public official would have lawfully performed the official action in question even without having accepted a thing of value.[17]  In other words, it is not a defense that the offer or promise of anything of value was made to the public official in exchange for an official action that is actually lawful, desirable, or even beneficial to the public.[18]  The offense of "honest services" fraud is not concerned with the wisdom or results of the public official's decisions, but rather with the manner in which the public official makes his or her decisions.[19]

---

[16] Sixth Circuit Pattern Instructions for 17.02 (Extortion Under Color of Official Right); *United States v. Terry*, 707 F.3d 607, 613–15 (6th Cir. 2013).

[17] Sixth Cir. Pattern Jury Inst. 17.02 (commentary citing *United States v. Brewster*, 408 U.S. 501, 527 (1972); *United States v. Evans*, 504 U.S. 255, 268 (1992); *United States v. Abbey,* 560 F.3d 513, 518 (6th Cir. 2009)); *see also City of Columbia v. Omni Outdoor Ad., Inc.,* 499 U.S. 365, 378 (1991) ("A [public official] is guilty of accepting a bribe even if he would and should have taken, in the public interest, the same action for which the bribe was paid.  (That is frequently the defense asserted to a criminal bribery charge—[] though it is *never valid in law*[.])"); *United States v. Lopez-Lukis*, 102 F.3d 1164, 1169 (11th Cir. 1997) (bribery statutes "do not address the wisdom or results of a legislative decision; rather, they concern the manner in which officials make their decisions.").

[18] *Id*.

[19] *Id*.

Also, it is not necessary for the government to prove that the scheme actually succeeded, or that any official act was actually taken by the public official in the course of the scheme.[20]  What the government must prove is that the defendant knowingly devised or participated in a scheme or artifice to defraud the public and the government of their right to a public official's honest services through bribes.

Also, because people rarely act for a single purpose, the public official need not have solicited or accepted the thing of value only in exchange for the performance of official action.[21]  If you find probable cause that a public official solicited or received a thing of value in exchange for the promise of specific

---

[20] *United States v. Brewster*, 408 U.S. 501, 526 (1972); *Pasquantino v. United States*, 544 U.S. 349, 371 (2005); *United States v. Ring*, 706 F.3d 460, 467 (D.C. Cir. 2013); *United States v. Terry*, 707 F.3d 607, 612 (6th Cir. 2013); *United States v. Ring*, 706 F.3d 460, 466–67 (D.C. Cir. 2013); *see also United States v. Silver*, 948 F.3d 538, 551 (2d Cir. 2020), *cert. denied*, 141 S. Ct. 656 (2021) (defining *quid pro quo* in honest services context as "a promise to perform an official act in exchange for payment.").

[21] *See* Sixth Circuit Pattern Instructions for 17.02 (Extortion Under Color of Official Right); *United States v. Abbey,* 560 F.3d 513, 518 (6th Cir. 2009) ("The public official need not even have any intention of actually exerting his influence on the payor's behalf because fulfillment of the quid pro quo is not an element of the offense."); *United States v. Silver*, 948 F.3d 538, 562 n.14 (2d Cir. 2020) , *cert. denied*, 141 S. Ct. 656 (2021)  ("It is no defense that an official would have taken certain actions regardless of any alleged bribe."); *United States v. Jannotti*, 673 F.2d 578, 601 (3d Cir. 1982) ("[I]t is neither material nor a defense to bribery that had there been no bribe, the (public official) might, on the available data, lawfully and properly have made the very recommendation that (the briber) wanted him to make."); *United States v. Bryant*, 655 F.3d 232 (3d Cir. 2011) (approving "mixed motive" or "partial motive" instruction).

14

official action, then it makes no difference that the public official may also have had another lawful motive for soliciting or accepting the thing of value.[22]

The term "official act" means any decision or action on any question, matter, cause, suit, proceeding or controversy, which may at any time be pending, or which may by law be brought before any public official, in such official's official capacity, or in such official's place of trust or profit.  This definition of official act has two parts.[23]

First, the evidence must show a question, matter, cause, suit, proceeding or controversy that may at any time be pending or may by law be brought before a public official.  A "question, matter, cause, suit, proceeding or controversy" must involve a formal exercise of governmental power, and it must be something specific and focused.

Second, the government must prove that the public official made a decision or took an action on that question or matter, or agreed to do so. The decision or action may include using an official position to exert pressure on another official to perform an official act. Actual authority over the end result is not controlling.

Under this definition, some acts do not count as "official acts." Setting up a meeting, calling another public official, or hosting an event does not, standing

---

[22] *Id*.

[23] The following paragraphs regarding "official act" mirror the "official act" instruction in Sixth Circuit Pattern Instructions for 17.02 (Extortion Under Color of Official Right).

15

alone, qualify as an "official act." The defendant need not have a direct role in the official act; an indirect role is sufficient.

However, the public official need not actually perform an official act, or even intend to do so.[24] When the defendant is a public official charged with receiving a bribe, it is sufficient if the public official agrees to perform a specific official act in exchange for a thing of value or receives the payment knowing it was in exchange for a specific official act.[25] The public official need not specify the means that he will use to perform his end of the bargain.[26] You may, for example, conclude that an agreement was reached if the evidence shows that the public official received a thing of value knowing that it was given with the expectation that the official would perform a specific official act in return.[27]

"A "thing of value" includes things possessing intrinsic value, whether tangible or intangible, that the person giving or offering or the person soliciting or receiving considers to be worth something. A "thing of value" could include

---

[24] *McDonnell v. United States*, 579 U.S. 550, 572 (2016) ("[T]he public official need not specify the means that he will use to perform his end of the bargain. Nor must the public official in fact intend to perform the 'official act,' so long as he agrees to do so. .")

[25] *Id.*

[26] *Id.*

[27] *McDonnell v. United States*, 579 U.S. 550, 572 (2016) ("A jury could, for example, conclude that an agreement was reached if the evidence shows that the public official received a thing of value knowing that it was given with the expectation that the official would perform an 'official act' in return.).

a campaign or political action committee ("PAC") contribution, so long as it was received in exchange for specific official acts. [28]

To act with "intent to defraud" means to act with an intent to deceive or deprive the public and government of their right to a public official's honest services.[29]

A misrepresentation or concealment is "material" if it has a natural tendency to influence or is capable of influencing the decision of the public or government agency that employed the public official.[30]

The fraud or misrepresentation may consist of the concealment or failure to disclose the things of value that the public official has solicited, received, or agreed to receive, or the public official's implicit false pretense to his governmental employer or the public that he remains loyal to the employer's or the public's interest.[31]  Wire communication includes communications that occur by telephone.  To "cause" wire, radio or television communications to be used is to do an act with knowledge that the

---

[28] *United States v. Terry*, 707 F.3d 607, 614 (6th Cir. 2013) (affirming jury instruction "[a] 'thing of value' could include a campaign contribution, so long as that was "received in exchange for official acts.""); *United States v. Evans*, 504 U.S. 255, 268 (1992).

[29] *United States v. Hernandez*, No. 20-50012, 2021 WL 3579386, at *1 (9th Cir. Aug. 13, 2021), *cert. denied*, 142 S. Ct. 716 (2021); *United States v. Martinez*, 994 F.3d 1, 7 (1st Cir. 2021); *United States v. Tanner*, 942 F.3d 60, 66 (2d Cir. 2019); *United States v. Pribble*, 127 F.3d 583, 589 (7th Cir. 1997).

[30] Sixth Circuit Pattern Instruction 10.02 (modified for honest services fraud).

[31] Sixth Circuit Pattern Instruction 10.02 (modified for honest services fraud); *United States v. Langford*, 647 F.3d 1309, 1321, 1322 n.7 (11th Cir. 2011).

use of the communications will follow in the ordinary course of business or where such use can reasonably be foreseen.[32]

The term "interstate [foreign] commerce" includes wire, radio or television communications which crossed a state line.[33]

It is not necessary that the government prove all of the details alleged concerning the precise nature and purpose of the scheme or that the material transmitted by wire, radio or television communications was itself false or fraudulent or that the alleged scheme actually succeeded in defrauding anyone or that the use of the wire, radio or television communications was intended as the specific or exclusive means of accomplishing the alleged fraud or that someone relied on the misrepresentation or false statement or that the defendant obtained money or property for his own benefit.[34]

If you are convinced that the government has proved all of the elements, say so by returning a guilty verdict on the count under consideration. If you have a reasonable doubt about any one of the elements, then you must find the defendant not guilty of this charge.[35]

---

[32] Sixth Circuit Pattern Instruction 10.02.

[33] Sixth Circuit Pattern Instruction 10.02.

[34] Sixth Circuit Pattern Instruction 10.02.

[35] Sixth Circuit Pattern Instruction 10.02.

**<u>Government's Proposed Instruction No. 3</u>**
Count Three and Count Five: 18 U.S.C. § 666
(Bribery Concerning Programs Receiving Federal Funds)

Counts Three and Five each charges the defendant with bribery concerning programs receiving federal funds, in violation of 18 U.S.C. § 666.

Count Three alleges:

From on or about September 21, 2018 to on or about December 17, 2018, in the Southern District of Ohio and elsewhere, the defendant, **ALEXANDER SITTENFELD (a/k/a "P.G. Sittenfeld")**, being an agent of a local government that received federal benefits in excess of $10,000 in the twelve-month period from January 2018 to December 2018, corruptly solicited and demanded for his own benefit, and accepted and agreed to accept a thing of value from a person, intending to be influenced and rewarded in connection with business, a transaction, and series of transactions of such local government involving a thing of value of $5,000 and more, to wit, the defendant, **ALEXANDER SITTENFELD (a/k/a "P.G. Sittenfeld")**, while a member of Cincinnati City Council, corruptly solicited and demanded, and accepted and agreed to accept, payments to PAC for his benefit from UCE-1, who was posing as a businessman supporting Project 1, while intending to be influenced and rewarded in connection with business, transactions, and series of transactions involving the City of Cincinnati and Project 1.

Count Five alleges:

From on or about July 8, 2019 to on or about February 5, 2020, in the Southern District of Ohio and elsewhere, the defendant, **ALEXANDER SITTENFELD (a/k/a "P.G. Sittenfeld")**, being an agent of a local government that received federal benefits in excess of $10,000 in the twelve-month period from January 2019 to December 2019, corruptly solicited and demanded for his own benefit, and accepted and agreed to accept a thing of value from a person, intending to be influenced and rewarded in connection with business, a transaction, and series of transactions of such local government involving a thing of value of $5,000 and more, to wit, the defendant, **ALEXANDER SITTENFELD (a/k/a "P.G. Sittenfeld"),** while a member of Cincinnati City Council, accepted and agreed to accept payments to PAC for his benefit from UCEs, who were posing as businessmen supporting Project 1, while intending to be influenced and rewarded in connection with business, transactions, and series of transactions involving the City of Cincinnati and Project 1.

19

Because Count Three and Count Five charge the same violation, the same elements apply to both counts. However, as I instructed you earlier, you must separately consider the evidence that relates to each count, and to return a separate verdict for each one. For each, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular count.[36] For Count Three and Count Five, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt[37]:

1. That at the time alleged in the indictment, the defendant was an agent of the City of Cincinnati;

2. That the defendant solicited, demanded, accepted or agreed to accept a thing of value from another person;

3. That the defendant acted corruptly with the intent to be influenced or rewarded in connection with specific business, transaction or series of transactions involving the City of Cincinnati City Council and the 435 Elm Street Project;

4. That this business, transaction or series of transactions involved a thing with a value of $5,000 or more; and

---

[36] This language comes from Sixth Circuit Pattern Instruction 2.01A, but have substituted "count" for "charge" for clarity.

[37] The following elements are derived from Fed. Crim. Jury Instr. 7th Cir. 666(a)(1)(B)[1] (2020 ed.), Fed. Crim. Jury Instr. 7th Cir. 666(a)(1)(B)[1] (2020 ed.); *see also* Mod. Crim. Jury Instr. 3rd Cir. 6.18.666A1B-1 (2021); *United States v. Abbey,* 560 F.3d 513, 520 (6th Cir. 2009) (explaining the elements of § 666(a)(1)(B) track the statutory language). Element 3 was modified to include "specific" before "business, transaction or series of transactions" to address any concerns raised by *McCormick/Evans. See McCormick v. United States,* 500 U.S. 257 (1991); *Evans v. United States*, 504 U.S. 255, 260, 268 (1992).

5. That the City of Cincinnati in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, insurance or other assistance. The one-year period must begin no more than 12 months before the defendant committed these acts and must end no more than 12 months afterward.

Now I will give you more detailed instructions on some of these terms.

A person acts corruptly when that person acts with the understanding that something of value is to be offered or given to reward or influence him in connection with his official duties.[38]

Corrupt acts are ordinarily motivated by a hope or expectation of either financial gain or other benefit to one's self, or some aid or profit to another. In considering whether the defendant acted corruptly, remember that the government must prove that the defendant intended at least in part to be influenced or rewarded, but the government is not required to prove that the Cincinnati City Council took any particular action. The government does not have to prove that the defendant received the bribe or that the bribe actually influenced the Cincinnati City Council. It is not even necessary that the defendant had the authority to perform the act sought.[39]

The "thing of value" may be tangible property, intangible property, or services, of any dollar value, so long as it has value.[40] The term "thing of value" includes contributions to a campaign or political action committee ("PAC") account.

---

[38] Fed. Crim. Jury Instr. 7th Cir. 666(a)(1)(B)[1] (2020 ed.).

[39] Mod. Crim. Jury Instr. 3rd Cir. 6.18.666A1B-2 (2021), Mod. Crim. Jury Instr. 3rd Cir. 6.18.666A1B-2 (2021).

[40] Mod. Crim. Jury Instr. 3rd Cir. 6.18.666A1B-1 (2021), Mod. Crim. Jury Instr. 3rd Cir. 6.18.666A1B-1 (2021).

The government is not required to prove that the thing of value that the defendant allegedly illegally solicited, demanded, accepted, agreed to accept was "federal benefits," or that the illegal acts directly affected the federal benefits that the entity received. Rather, the government is required to prove only that the defendant illegally solicited, demanded, accepted, or agreed to accept a thing of value while he was an agent of an entity that received in excess of $10,000 in federal benefits. Finally, the government is not required to prove that the defendant knew that the entity received in excess of $10,000 in federal benefits.[41]

An "agent" is a person who is authorized to act on behalf of the City of Cincinnati, including an employee, officer, or representative.[42]  A member of Cincinnati city council is an agent of the City of Cincinnati.

It is not necessary for the government to prove that the defendant who solicited the bribe benefitted from the bribe.[43]

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the count you are considering, then you should find the defendant guilty of that count. If, on the other hand, you find from your consideration of all the evidence that the government has

---

[41] Mod. Crim. Jury Instr. 3rd Cir. 6.18.666A1B-1 (2021), Mod. Crim. Jury Instr. 3rd Cir. 6.18.666A1B-1 (2021).

[42] Fed. Crim. Jury Instr. 7th Cir. 666(a)(1)(B)[1] (2020 ed.).

[43] Pattern Crim. Jury Instr. 5th Cir. 2.33B (2019), Pattern Crim. Jury Instr. 5th Cir. 2.33B (2019).

failed to prove any one of these elements beyond a reasonable doubt as to the count

you are considering, then you should find the defendant not guilty of that count.[44]

---

[44] The following elements and definitions are derived from Fed. Crim. Jury Instr. 7th Cir. 666(a)(1)(B)[1] (2020 ed.), Fed. Crim. Jury Instr. 7th Cir. 666(a)(1)(B)[1] (2020 ed.).

**Government's Proposed Instruction No. 4**
Count Four and Count Six: 18 U.S.C. § 1951
(Attempted Extortion Under Color Of Official Right)[45]

Counts Four and Six each charges the defendant with attempted extortion under color of official right, in violation of 18 U.S.C. § 1951.

Count Four alleges:

From on or about September 21, 2018 to on or about December 17, 2018, in the Southern District of Ohio and elsewhere, the defendant, **ALEXANDER SITTENFELD (a/k/a "P.G. Sittenfeld")**, a member of the Cincinnati City Council, knowingly attempted to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in Title 18 United States Code 1951, to wit, the defendant, **ALEXANDER SITTENFELD (a/k/a "P.G. Sittenfeld"),** solicited, obtained, agreed to accept, accepted, and received payments to PAC from UCE-1, with UCE-1's consent, knowing the payments were made in exchange for the defendant's specific official action in his role as a member of the Cincinnati City Council to further Project 1, under color of official right.

Count Six alleges:

From on or about July 8, 2019 to on or about February 5, 2020, in the Southern District of Ohio and elsewhere, the defendant, **ALEXANDER SITTENFELD (a/k/a "P.G. Sittenfeld")**, a member of the Cincinnati City Council, knowingly attempted to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in Title 18 United States Code 1951, to wit, the defendant, **ALEXANDER SITTENFELD (a/k/a "P.G. Sittenfeld")**, obtained, agreed to accept, accepted, and received payments to PAC for his benefit from UCEs, with UCEs' consent, knowing the payments were made in exchange for the defendant's specific official action in his role as a member of the Cincinnati City Council to further Project 1, under color of official right.

---

[45] The instructions for Count 4, follow the Sixth Circuit Pattern Instructions for 17.02 (Extortion Under Color of Official Right). Additions to the pattern instruction are underlined; deletions are noted by a strikethrough of the deleted language.

(1) <u>Because Counts Four and Count Six charge the same violation, the same</u> <u>elements apply to both counts.  However, as I instructed you earlier, you must</u> <u>separately consider the evidence that relates to each count, and to return a</u> <u>separate verdict for each one.  For each, you must decide whether the</u> <u>government has presented proof beyond a reasonable doubt that the defendant</u> <u>is guilty of that particular count.</u>[46]  For Count Four and Count Six, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt: [47]

    (A) First, that the defendant was a public official.

    (B) Second, that the defendant obtained, accepted, <u>agreed to accept,</u> or received property, that he was not lawfully entitled to, from another person with that person's consent.

    (C) Third, that the defendant knew the property was being obtained, accepted, <u>agreed to accept,</u> or received in exchange for <u>specific</u> official act<u>ion.</u>[48]

---

[46] This language comes from Sixth Circuit Pattern Instruction 2.01A, but have substituted "count" for "charge" for clarity.

[47] The instructions for Count 4, follow the Sixth Circuit Pattern Instructions for 17.02 (Extortion Under Color of Official Right). Additions to the pattern instruction are underlined; deletions are noted by a strikethrough of the deleted language.

[48] The pattern instruction should be modified to include the *McCormick v. United States,* 500 U.S. 257, 273 (1991)/*Evans v. United States*, 504 U.S. 255, 260 (1992) standard when the property was a campaign contribution.  Accordingly, the government has modified the instruction to include the *McCormick/Evans* language.  *See Evans*, 500 U.S. at 268 (*McCormick quid pro quo* requirement satisfied where "the public official receives a payment in return for his agreement to perform specific official acts"); *see also id*. at 258 (affirming instruction, "if a public official demands or accepts money in exchange for [a] specific requested exercise of his or her official power, such a demand or acceptance does constitute a violation of the Hobbs Act regardless of whether the payment is made in the form of a campaign contribution.").

25

(D) Fourth, that as a result, interstate commerce was affected in any way or degree.

(2) Now I will give you more detailed instructions on some of these terms.

(A) The term "public official" means a person with a formal employment relationship with government.

(B) The term "property" means money or other tangible or intangible things of value that can be transferred, including campaign or PAC contributions.

(C) The phrase "the defendant knew the property was being obtained, accepted, agreed to accept, or received in exchange for an specific official action" may include the conduct of taking a bribe [kickback] [or both].

(1) Efforts to buy favor or generalized good will do not necessarily amount to bribery; bribery does not include gifts given in the hope that at some unknown, unspecified time, a public official might act favorably in the giver's interests.

(2) Gifts exchanged solely to cultivate friendship are not bribes; things of value given in friendship and without expectation of anything in return are not bribes.

(3) It is not a defense to bribery that the public official would have done the official act anyway, even without the receipt of the property.

(D) The term "official act" means any decision or action on any question, matter, cause, suit, proceeding or controversy, which may at any time be pending, or which may by law be brought before any public official, in such official's official capacity, or in such official's place of trust or profit.

   (1)  This definition of official act has two parts.

      (a)  First, the evidence must show a question, matter, cause, suit, proceeding or controversy that may at any time be pending or may by law be brought before a public official.

          A "question, matter, cause, suit, proceeding or controversy" must involve a formal exercise of governmental power, and it must be something specific and focused.

      (b)  Second, the government must prove that the public official made a decision or took an action on that question or matter, or agreed to do so. The decision or action may include using an official position to exert pressure on another official to perform an official act. Actual authority over the end result is not controlling.

   (2)  Under this definition, some acts do not count as "official acts." Setting up a meeting, calling another public official, or hosting an event does not, standing alone, qualify as an "official act."

   (3)  The defendant need not have a direct role in the official act; an indirect role is sufficient.

(E) Conduct affects interstate commerce if it in any way interferes with or changes the movement of goods, merchandise, money, or other property in commerce between different states. Any effect at all on commerce is enough.

(1) This includes obtaining money that belonged to a business [entity] which customarily purchased goods from outside the State of ___, [or] [that engaged in business outside the State of ___] if defendant's conduct made that money unavailable to the business [entity] for the purchase of such goods [or] [the conducting of such business.]]

(2) (1)The defendant attempted to affect interstate commerce if 1) he obtained money that was provided by a law enforcement agency as part of an investigation, and 2) the money appeared to belong to a business or individual involved in real estate development, and 3) the business or individual appeared to customarily purchase goods from outside the State of Ohio, or engaged in business outside the State of Ohio.

(3) (2) It is not necessary for you to find that there was an actual effect on interstate commerce.

(3) The government need not prove [*insert options from below as appropriate*]].

(A) that the bribery agreement was ~~explicit or~~ stated in express terms, for otherwise the law's effect could be frustrated by knowing winks and nods. A bribery agreement is satisfied by something short of a formalized and thoroughly articulated contractual arrangement.

(B) that the public official ultimately performed the official act.

~~(C) which payments controlled particular official acts or that each payment was tied to a specific official act; rather, it is sufficient if the public official understood that he was expected to exercise some influence on the payor's behalf as opportunities arose.~~

(D) that the property was exchanged only for an official act. Because people rarely act for a single purpose, if you find that the property was exchanged at least in part for an official act, then it makes no difference that the defendant may have also had another separate lawful purpose for exchanging the property.

(E) that the defendant had the actual power to effectuate the end for which he accepted or induced payment; it is sufficient that the defendant exploited a reasonable belief that he had the power to do so.

(4) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on count_under consideration. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of the <u>count under consideration</u>.

## Government's Proposed Instruction No. 5
### Campaign Contributions as Bribes

Campaign and PAC contributions to public officials are generally protected by the First Amendment, unless they qualify as bribe payments. For campaign or PAC contributions to qualify as bribe payments, they must be part of an explicit promise or understanding by the public official.[49] This instruction governs when campaign contributions can be bribe payments relevant to Counts 1 through 6.

For Counts 1, 2, 4, and 6, acceptance by an elected official of a campaign contribution, by itself, does not constitute bribery, even if the person making the contribution has business pending before the official. However, if a public official receives or obtains the contribution, or agrees to do so, knowing or believing that it is or would be given in exchange for a specific requested exercise of his official power, he has committed bribery, even though the money or property to be given to the official is in the form of a campaign or PAC contribution.[50]

Similarly, for Counts 3 and 5, acceptance by an elected official of a campaign or PAC contribution, by itself, does not constitute bribery, even if the person making the contribution has business pending before the official. However, if a public official

---

[49] *McCormick v. United States*, 500 U.S. 257, 273 (1991).

[50] Fed. Crim. Jury Instr. 7th Cir. 18 U.S.C. 1951, p. 685 (2020 ed.) ("Definition of 'Color of Official Right'") (citing *Evans v. United States*, 504 U.S. 255, 258 (1992) (affirming instruction, "if a public official demands or accepts money in exchange for [a] specific requested exercise of his or her official power, such a demand or acceptance does constitute a violation of the Hobbs Act regardless of whether the payment is made in the form of a campaign contribution.")); *see also United States v. Terry*, 707 F.3d 607, 613 (6th Cir. 2013) (explaining that where an official accepts payment with the understanding that he will do what a campaign donor asks, the donor and the official have formed a corrupt bargain).

corruptly solicited, demanded, accepted or agreed to accept the contribution, with the intent to be influenced or rewarded in connection with specific business, transaction or series of transactions of the City of Cincinnati, he has committed bribery concerning Counts 3 and 5, even though the money or property to be given to the official is in the form of a campaign or PAC contribution. [51]

---

[51] Fed. Crim. Jury Instr. 7th Cir. 18 U.S.C. 1951 (2020 ed.) ("Definition of 'Color of Official Right'") (modified for § 666(a)(1)(B) elements); *see also Evans v. United States*, 504 U.S. 255, 258 (1992) (affirming instruction, "if a public official demands or accepts money in exchange for [a] specific requested exercise of his or her official power, such a demand or acceptance does constitute a violation of the Hobbs Act regardless of whether the payment is made in the form of a campaign contribution.").

## <u>Sixth Circuit Pattern Instructions – Final</u>

The United States requests that the Court give the following Pattern

Instructions from the Sixth Circuit after closing arguments by counsel:

| | |
|---|---|
| 8.01 | (Introduction) |
| 8.02 | (Experiments, Research, Investigation, and Outside Communications) |
| 8.03 | (Unanimous Verdict) |
| 8.04 | (Duty to Deliberate) |
| 8.05 | (Punishment) |
| 8.06 | (Verdict Form) |
| 8.09 | (Court Has No Opinion) |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CASE NO. 1:20-CR-142** |
| | : | |
| **Plaintiff,** | : | |
| | : | **JUDGE COLE** |
| **v.** | : | |
| | : | |
| | : | **VERDICT FORM** |
| **ALEXANDER SITTENFELD,** | : | |
| **a/k/a/ "P.G. Sittenfeld,"** | : | |
| | : | |
| **Defendant.** | : | |

---

### COUNT ONE
### (18 U.S.C. §§ 1343, 1346)

1. How do you find the defendant, Alexander Sittenfeld, a/k/a "P.G. Sittenfeld,"

   as to Count One, guilty or not guilty?

   Guilty_____          Not Guilty_____


### COUNT TWO
### (18 U.S.C. §§ 1343, 1346)

2. How do you find the defendant, Alexander Sittenfeld, a/k/a "P.G. Sittenfeld,"

   as to Count Two, guilty or not guilty?

   Guilty_____          Not Guilty_____

## COUNT THREE
**(18 U.S.C. § 666(a)(1)(B))**

3.  How do you find the defendant, Alexander Sittenfeld, a/k/a "P.G. Sittenfeld,"

as to Count Three, guilty or not guilty?

Guilty_____                    Not Guilty_____

## COUNT FOUR
**(18 U.S.C. § 1951(a), (b)(2))**

4.  How do you find the defendant, Alexander Sittenfeld, a/k/a "P.G. Sittenfeld,"

as to Count Four, guilty or not guilty?

Guilty_____                    Not Guilty_____

## COUNT FIVE
**(18 U.S.C. § 666(a)(1)(B))**

5.  How do you find the defendant, Alexander Sittenfeld, a/k/a "P.G. Sittenfeld,"

as to Count Five, guilty or not guilty?

Guilty_____                    Not Guilty_____

## <u>COUNT SIX</u>
## (18 U.S.C. § 1951(a), (b)(2))

6. How do you find the defendant, Alexander Sittenfeld, a/k/a "P.G. Sittenfeld,"

   as to Count Six, guilty or not guilty?

   Guilty＿＿＿＿＿＿＿＿            Not Guilty＿＿＿＿＿＿＿＿

**The foregoing constitutes the unanimous verdict of the jury.**

_____          _____
Date                               Foreperson (Juror#＿＿＿)

_____          _____
(Juror #＿＿＿)                     (Juror #＿＿＿)

_____          _____
(Juror #＿＿＿)                     (Juror #＿＿＿)

_____          _____
(Juror #＿＿＿)                     (Juror #＿＿＿)

_____          _____
(Juror #＿＿＿)                     (Juror #＿＿＿)

_____          _____
(Juror #＿＿＿)                     (Juror #＿＿＿)

_____          _____
(Juror #＿＿＿)                     (Juror #＿＿＿)

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Government's Proposed Jury Instructions and Verdict Form was served this 6th day of May 2022, electronically upon all counsel of record:

s/Emily N. Glatfelter
EMILY N. GLATFELTER (0075576)
Assistant United States Attorney