IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER SITTENFELD,<br>a/k/a "P.G. Sittenfeld,"<br><br>Defendant. | Case No.: 1-20-cr-142<br><br>Hon. Douglas R. Cole |

## DEFENDANT'S THIRD MOTION TO COMPEL

Alexander Sittenfeld, through counsel, respectfully requests that this Court compel the production of "statements" as defined by the Jencks Act, Brady, and Giglio. Under those provisions, Mr. Sittenfeld is entitled to source materials, not merely the summaries that the Government has provided to date. A memorandum in support follows.

Respectfully submitted,

RITTGERS & RITTGERS

*s/ Charles H. Rittgers*
Charles M. Rittgers
Charles H. Rittgers
Neal D. Schuett
Rittgers & Rittgers
12 East Warren Street
Lebanon, OH 45036
(513) 932-2115
charlie@rittgers.com

*Counsel for the Defendant*

RITTGERS & RITTGERS
Attorneys at Law
12 East Warren Street
Lebanon, Ohio 45036
TEL (513) 932-2115
FAX (513) 934-2201

1

## Memorandum in Support

**I.   Procedural Background**

This motion follows Mr. Sittenfeld's continued efforts to procure complete <u>Brady</u>, <u>Giglio</u> and Jencks Act material from the Government. After this Court's April 29, 2022, Order and the follow-up call with the Court on May 2, 2022, Counsel for Mr. Sittenfeld made repeated inquiries to the Government for specific information and underlying documents necessary for impeachment under <u>Giglio</u> and the Jencks Act. <u>See</u> Exhibits E-I. The Government responded with two "Disclosure Letters." Exhibits A and B. These letters summarize, in the Government's words, information sought by Counsel for Mr. Sittenfeld. <u>Id.</u> The letters are signed by prosecutors. <u>Id.</u> Prior to filing this motion, Counsel for Mr. Sittenfeld communicated with the Government via both email and phone to specify that the Disclosure Letters were insufficient as they were summaries and not the underlying source materials. Exhibits C-D. The matter was not resolved, and this motion follows.

**II.   Argument**

This Court outlined the standard for disclosure in its April 29, 2022, Order:

> The general framework that applies to required disclosure of exculpatory and impeachment evidence in criminal cases is well-established. In most criminal cases, "the *Brady* rule, [Federal Rule of Criminal Procedure 16,] and the Jencks Act exhaust the universe of discovery to which the defendant is entitled." *United States v. Presser*, 844 F.2d 1275, 1285 n.12 (6th Cir. 1988). *Brady* requires disclosure of evidence that is favorable to a criminal defendant and is "material either to guilt or to punishment." 373 U.S. at 87. *Giglio* held that this includes impeachment evidence where the witness's reliability "may well be determinative of guilt or innocence." 405 U.S. at 153–54.
> …
> The Jencks Act applies to statements of witnesses who testify at trial that are related to the witness's testimony and in the government's possession. *See* 18 U.S.C. § 3500(b).

**RITTGERS & RITTGERS**
Attorneys at Law
12 East Warren Street
Lebanon, Ohio 45036
TEL (513) 932-2115
FAX (513) 934-2201

2

Doc # 94. The parties dispute the form of the Government's required disclosures under Brady, Giglio, and the Jencks Act. Pursuant to the Jencks Act–the most restrictive form of discovery to which Mr. Sittenfeld is entitled–Mr. Sittenfeld is entitled to "statements" that are defined as follows:

> (1) a written statement made by said witness and signed or otherwise adopted or approved by him;
>
> (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or
>
> (3) a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.

18 U.S.C.A. § 3500(e). These definitions provide for types of evidence which could be used to directly impeach a witness on the stand because they are a witness' own statement, not someone else's summary of a witness' statement.

Contrary to the express language of the statute, the Government asserts that the form of the evidence that it produces is unimportant:

> Regarding the CW; our obligation is to provide impeachment information in the government's possession; **the form** the information comes in is not dispositive.
> ...
> In any case, the government's assessment of the facts at that time are not relevant to impeachment or otherwise admissible at trial---the facts themselves, which have been provided, is the impeachment material.

Exhibit A, p. 1 (**emphasis added**). As shown by the Disclosure Letters, the Government has chosen to disclose the bulk of impeachment evidence (i.e. Giglio and Jencks evidence) in the form of summaries. See Exhibits A & B. This form of evidence, however, renders useless the purpose of Giglio and Jencks evidence: impeachment. Mr. Sittenfeld cannot impeach the

3

RITTGERS & RITTGERS
Attorneys at Law
12 East Warren Street
Lebanon, Ohio 45036
TEL (513) 932-2115
FAX (513) 934-2201

Government's witnesses with summaries written by prosecutors (who cannot be cross-examined).

In order for the evidence to have value for impeachment, Mr. Sittenfeld needs the source materials being summarized in the Disclosure Letters. In other words, whatever the Government is reading from, watching, or listening to as it is typing up its disclosure letters, that material comprises the "statements" that Jencks defines. The Government will know what the specific "statements" are in this case as it has clearly summarized from those "statements" in its disclosure letters. At the very least, however, the "statements" will include complete transcripts (including of proffer sessions), 302s, emails (including those memorializing oral conversations), written agreements, checks, invoices, and any audio and video recordings.

On the May 2, 2022, call with the Court, it was confirmed that Jencks material would be provided thirty days prior to trial. Thus, that is the latest date that Counsel for Mr. Sittenfeld should receive "statements" (not summaries). If any piece of Brady, Giglio or Jencks material truly has not been memorialized anywhere and exists only in the mind of one or more prosecutors or agents, the Government should identify each such piece of evidence for Counsel for Mr. Sittenfeld.

Thus, the Court should grant Mr. Sittenfeld's motion to compel the "statements" defined by the Jencks Act as opposed to the mere summaries that the Government has provided. If no "statements" exist for evidence summarized by the Government, this Court should require the Government to specify which pieces of summarized evidence exist only in the mind of a person or persons.

**RITTGERS & RITTGERS**
Attorneys at Law
12 East Warren Street
Lebanon, Ohio 45036
TEL (513) 932-2115
FAX (513) 934-2201

4

Respectfully submitted,

RITTGERS & RITTGERS

*s/ Charles H. Rittgers*
Charles H. Rittgers
Charles M. Rittgers
Neal D. Schuett
Rittgers & Rittgers
12 East Warren Street
Lebanon, OH 45036
(513) 932-2115
charlie@rittgers.com

*Counsel for the Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of May, 2022 I electronically filed the foregoing with the Clerk of Courts using the CM/ECF system, which will send notification of such filing to CM/ECF participants.

Respectfully submitted,

RITTGERS & RITTGERS

*s/ Charles H. Rittgers*
Charles M. Rittgers
Charles H. Rittgers
Neal D. Schuett

RITTGERS & RITTGERS
Attorneys at Law
12 East Warren Street
Lebanon, Ohio 45036
TEL (513) 932-2115
FAX (513) 934-2201

5