IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF OHIO

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER SITTENFELD,<br>   a/k/a "P.G. Sittenfeld,"<br><br>Defendant. | Case No.: 1-20-cr-142<br><br>Hon. Douglas R. Cole |

## MOTION *IN LIMINE REGARDING FOUNDATION, CONFRONTATION, AND PREDICATION*

Counsel for Alexander Sittenfeld respectfully moves the Court for an Order *in limine* prohibiting the Government from introducing the substance of recordings between Cooperating Witness and Mr. Sittenfeld and between UCEs and Mr. Sittenfeld without the Cooperating Witness or the UCEs testifying to the contents of those conversations. The reasons for this Motion are stated in the following Memorandum.

                                                              Respectfully submitted,

                                                              RITTGERS & RITTGERS

                                                              */s/Neal D. Schuett*

                                                              Charles H. Rittgers

Charles M. Rittgers
Neal D. Schuett
Gus J. Lazares
Rittgers & Rittgers
12 East Warren Street
Lebanon, OH 45036
(513) 932-2115
neal@rittgers.com

*Counsel for the Defendant*

Date:  June 6, 2022

**MEMORANDUM**

The parties are stipulating to authenticity, but not admissibility. In the present case, the Government is expected to call both undercover agents ("UCE") and case agents, as well as lay witnesses who may testify regarding recorded conversations between Mr. Sittenfeld and Cooperating Witness and Mr. Sittenfeld and the UCEs. The Government should not be allowed to present testimony regarding the recordings unless the individual testifying regarding these recordings is one of the parties to the recording.

The Sixth Amendment to the United States Constitution states, in pertinent part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI.

The right of confrontation is, at its core, a procedural guarantee of the right to cross-examine witnesses against the defendant, thus ensuring the reliability of the evidence. *Crawford v. Washington* (2004), 541 U.S. 36, 61. It is also among the most fundamental requirements of a constitutionally fair trial. *Parker v. Gladden* (1966), 385 U.S. 363, 364-65. "[A] criminal defendant states a violation of the Confrontation Clause by showing that he was prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness." *Delaware v. Van Arsdall*, 475 U.S. 673, 680 (1986). After all, the confrontation right "means more than being allowed to confront the witness physically." *Davis v. Alaska*, 415 U.S. 308, 315 (1974). The constitutional concerns regarding the right of confrontation, which requires the declarant of testimonial statements to be subject to cross-examination "do[] not evaporate when testimony happens to fall within some broad, modern hearsay exception, even if that exception might be justifiable under the circumstances." *Crawford* at 56, n.7

The Confrontation Clause bars the admission of testimonial statements of a witness who did not appear at trial unless the witness was unavailable to testify, and the defendant had a prior opportunity for cross-examination. *Crawford*, 541 U.S. 36. Statements are nontestimonial when they are made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. *Davis v. Washington* (2006), 547 U.S. 813. Statements are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution. *Id.*

Further, the Sixth Circuit has held that "statements of a confidential informant are testimonial." *United States v. Cromer*, 389 F.3d 662, 675 (6th Cir. 2004). As a result, the Cooperating Witness' statements on the recorded calls and that of the UCEs require that they testify in person regarding those calls.

## **CONCLUSION**

The recordings trigger the confrontation clause and, therefore, Mr. Sittenfeld's Motion should be granted.

Respectfully submitted,

RITTGERS & RITTGERS

*/s/Neal D. Schuett*

Charles H. Rittgers

                                                            Charles M. Rittgers
                                                            Neal D. Schuett
                                                            Gus J. Lazares
                                                            Rittgers & Rittgers
                                                            12 East Warren Street
                                                            Lebanon, OH 45036
                                                            (513) 932-2115
                                                            neal@rittgers.com

                                                            *Counsel for the Defendant*

Date: June 6, 2022

## CERTIFICATE OF SERVICE

     I hereby certify that the foregoing was filed with the Court's CM/ECF System this 6th day of June, 2022, which provides electronic notice to all parties.

                                                            RITTGERS & RITTGERS

                                                           */s/Neal D. Schuett*

                                                           Charles H. Rittgers
                                                           Charles M. Rittgers
                                                           Neal D. Schuett
                                                           Gus J. Lazares