**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Case No. 1-20-CR-142 |
| **Plaintiff** | : | Hon. Douglas R. Cole |
| vs. | : | |
| **ALEXANDER SITTENFELD**<br>a/k/a "P.G. Sittenfeld | : | **MOTION TO UNSEAL PORTIONS<br>OF PROCEEDINGS** |
| **Defendant** | : | |

    The Cincinnati Enquirer, a division of Gannett GP Media, Inc. ("the Enquirer") moves this court for an order unsealing a "Request to Exclude Certain Evidence filed under seal by the United States of America ("the Request"). The Enquirer further requests that the Court order unsealed a copy of a censure letter attached as Exhibit B to the Response in Opposition to the Government's Motion to Exclude Improper Impeachment ("Response," Doc. # 150). Further, the Enquirer requests this court to order Defendant to file an unredacted copy of the Response. The Enquirer also asks that this Court give this motion expedited consideration given the trial commencement date of June 21, 2022.

**MEMORANDUM IN SUPPORT**

    Sometime on or after June 1, 2022 The United States filed under seal a motion to prevent defense counsel from discussing in front of the jury a government agent's misconduct leading to a censure letter. It appears this motion was not reflected on the docket.

On June 8, Defendant filed the Response to the phantom motion and attached as Exhibit B a redacted version of the censure letter. The bulk of the discussion of Defendant's legal position in the Response is redacted.

Despite the secret filings, it does not appear that anyone requested leave to make these filings under seal or to redact portions of filings. No one appeared to offer the court any basis why such secret conduct would be permitted.

The controlling case law in the Sixth Circuit is *Shane Group, Inc. v. Blue Cross Blue Shield,* 825 F.3d 299 (6th Cir. 2016). The Sixth Circuit in *Shane Group* drew a clear line for when materials become court records subject to public access. It occurs when the parties place the material in the court record. *Shane Group*, 825 F.3d at 305. The public's interest in the court records are not merely focused on the result, "but also on the conduct giving rise to the case." *Id*. Without transparency regarding the parties' conduct, "secrecy insulates the participants, masking impropriety, obscuring incompetence, and concealing corruption." *Id*. There is a strong presumption in favor of openness of court records, and the moving party bears the burden of overcoming that presumption. *Shane Group*, 825 F.3d at 305. Only the most compelling reasons will overcome the burden. *Id*. And "the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Id*.

Here, the public interest could not be greater. Thus, only the most compelling reasons would justify the secret proceedings here. And there are none. This Court may look to the protective order previous issued in this matter, which gave the government unfettered discretion to mark materials "Tier 1," "Tier 2" or "Tier 3." But no matter how the parties may have agreed to treat discovery materials, the parties cannot hide from the public adjudicatory materials. But

that is what is happening here. The public is entitled to know what evidence this court intends to exclude and the reasons for its decision. The public cannot assess the proceedings if critical materials are handled under seal.

Moreover, even if a compelling interest justifies some sealing, the Court must employ the least restrictive means to further that interest. That has not happened here. Rather than limited redactions, the Court apparently allowed the USA to file an entire motion under seal. Similarly, this Court permitted the entire censure letter to be filed under sealed. Finally, Defendant redacted the bulk of its argument in its Response. Even if some sealing is justified, this far exceeds any reasonable amount and is not the least restrictive e means to achieve whatever compelling interest may exist. Again, no one has presented any such interest.

For these reasons, the Enquirer requests that this Court protect the public's right to know, act transparently and release the information subject to this motion.

Respectfully submitted,

 */s/ John C. Greiner*
John C. Greiner (0005551)
GRAYDON HEAD & RITCHEY
312 Walnut Street
Suite 1800
Cincinnati, OH  45202-3157
Direct:  (513) 629-2734
Fax:     (513) 333-4316
E-Mail:  jgreiner@graydon.law

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed with the Court's CM/ECF System this 13th day of June 2022, which provides electronic notice to all parties.

                                              */s/ John C. Greiner*
                                              John C. Greiner (0005551)

11830307.1