# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 1:20-CR-142 |
| | : | |
| | : | JUDGE DOUGLAS R. COLE |
| v. | : | |
| | : | **REPLY IN SUPPORT OF** |
| | : | **MOTION *IN LIMINE*** |
| ALEXANDER SITTENFELD, | : | **TO EXCLUDE ENTRAPMENT** |
| a/k/a "P.G. Sittenfeld," | : | **EVIDENCE AND ARGUMENT** |
| | : | |
| Defendant. | : | |

The defendant plainly intends to introduce improper evidence and argument concerning entrapment, selective prosecution, and/or alleged outrageous government conduct at trial. The Court should prohibit him from doing so.

It is undisputed that the defendant may attempt to elicit testimony and present argument on bias—*i.e.*, that government witnesses are motivated to slant their testimony—to the extent he can articulate a proper and good faith basis in support. But what the defendant cannot do is attempt to show that the investigation *itself* was biased—*i.e.*, that it was a set up, an abuse of power, or included untoward or unfair investigative techniques. The government has previously explained in detail why these arguments are improper. (*See* Doc. 113, PageID at 1236-43; Doc. 131, PageID 2349-53.)

In his response, the defendant does not acknowledge these limitations. Instead, without explanation, the defendant doubles down on his intention to circumvent them by baldly claiming such evidence is relevant to "bias" or otherwise necessary to uphold

1

his constitutional rights to due process and the confrontation of witnesses. (Doc. 160, PageID 2782.) This is nonsense. The Sixth Circuit has repeatedly disapproved of such "backdoor" attempts to introduce improper evidence and argument regarding the government's investigation. *See, e.g., United States v. Abboud*, 438 F.3d 554, 579 (6th Cir. 2006) (cautioning against "conflat[ing] the concepts of witness bias and selective prosecution" and upholding district court's preclusion of evidence of selective prosecution at trial); *United States v. Amawi*, 695 F.3d 457, 483–84 (6th Cir. 2012) (noting that the defendant could not "bypass the risks inherent in [] entrapment doctrine" by simply calling his defense "outrageous [government] conduct"); *United States v. Simpson*, 226 F. App'x 556, 562 (6th Cir. 2007) (rejecting defendant's argument that "his inability to question [witness] about the alleged vindictive prosecution denied [him] the opportunity for effective cross-examination" because a claim of prosecutorial vindictiveness is "distinct from any bias that may have been used to impeach [the witness's] testimony").

The Court should grant the United States' motion to preclude entrapment evidence and argument. Moreover, to the extent defense counsel presents improper questions or arguments concerning entrapment, selective prosecution, or alleged outrageous government conduct, the government requests an immediate curative instruction in addition to an instruction at the conclusion of trial.

Respectfully submitted,


Respectfully submitted,
KENNETH L. PARKER
United States Attorney


*s/ Emily N. Glatfelter*
MATTHEW C. SINGER (IL 6297632)
EMILY N. GLATFELTER (0075576)
MEGAN GAFFNEY PAINTER
(NY 4849220)
Assistant United States Attorneys
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
Office: (513) 684-3711
Fax: (513) 684-6385
Email: Matthew.Singer@usdoj.gov
Email: Emily.Glatfelter@usdoj.gov
Email: Megan.Painter@usdoj.gov


# **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically this 14th day of June, 2022, and served upon all counsel of record via the Court's CM/ECF system.

*s/Emily N. Glatfelter*
EMILY N. GLATFELTER 0075576)
Assistant United States Attorney