# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

                              **Case No. 1:20-cr-142**

      **v.**                       **JUDGE DOUGLAS R. COLE**

**ALEXANDER SITTENFELD, *also known as* P.G. SITTENFELD,**

        **Defendant.**

---

# JURY INSTRUCTIONS

## July 6, 2022

## INDEX

GENERAL RULES ............................................................................................................ 4

INTRODUCTION .......................................................................................................... 4

JURORS' DUTIES .......................................................................................................... 5

PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT ............ 7

EVIDENCE DEFINED ................................................................................................... 9

CONSIDERATION OF EVIDENCE ............................................................................... 11

DIRECT AND CIRCUMSTANTIAL EVIDENCE ........................................................... 12

CREDIBILITY OF WITNESSES ................................................................................... 13

LAW ENFORCEMENT TECHNIQUES ......................................................................... 16

NUMBER OF WITNESSES .......................................................................................... 17

LAWYERS' OBJECTIONS ........................................................................................... 18

DEFINING THE CHARGED CRIMES AND RELATED MATTERS ................................. 19

INTRODUCTION ........................................................................................................ 19

DEFENDANT CHARGED WITH MULTIPLE CRIMES ................................................. 20

INTRODUCTION TO THE COUNTS ........................................................................... 21

Counts One and Two: 18 U.S.C. §§ 1343, 1346 ......................................................... 22

(Honest Services Wire Fraud) ...................................................................................... 22

Count Three and Count Five: 18 U.S.C. § 666 (Bribery Concerning Programs Receiving Federal Funds) ........................................................................................................... 32

Count Four and Count Six: 18 U.S.C. § 1951 (Attempted Extortion Under Color Of Official Right) ......................................................................................................................... 37

Campaign Contributions as Bribes/Defendant Not Charged With Campaign Finance Law Violations .................................................................................................................... 44

ON OR ABOUT ........................................................................................................... 48

INFERRING REQUIRED MENTAL STATE ................................................................... 49

DEFENDANT'S TESTIMONY ...................................................................................... 50

WITNESS TESTIFYING TO BOTH FACTS AND OPINIONS ......................................... 51

TESTIMONY OF A WITNESS UNDER REDUCED ....................................................... 52

CRIMINAL LIABILITY ............................................................................................... 52

SECONDARY-EVIDENCE SUMMARIES ..................................................................... 53

ADMITTED IN EVIDENCE .......................................................................................... 53

2

OTHER ACTS OF THE DEFENDANT ....................................................................................... 54

STIPULATIONS ..................................................................................................................... 55

REDACTIONS ........................................................................................................................ 56

INSTRUCTIONS FOR BEGINNING DELIBERATIONS .......................................................... 57

EXPERIMENTS, RESEARCH, INVESTIGATION .................................................................. 59

AND OUTSIDE COMMUNICATIONS..................................................................................... 59

UNANIMOUS VERDICT......................................................................................................... 61

DUTY TO DELIBERATE ........................................................................................................ 62

PUNISHMENT........................................................................................................................ 63

VERDICT FORM.................................................................................................................... 64

COURT HAS NO OPINION..................................................................................................... 65

JUROR NOTES....................................................................................................................... 66

WRITTEN INSTRUCTIONS................................................................................................... 67

## GENERAL RULES

## INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every criminal case. Then I will explain the elements, or parts, of each of the crimes that the defendant is accused of committing. Then I will explain some rules that you must use in evaluating particular testimony and evidence. And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## JURORS' DUTIES

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way. Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty of one or more of the charged crimes beyond a reasonable doubt.

It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

During the course of trial, you may have heard lawyers or witnesses refer to something called "discovery." This is a legal term that is relevant to the Court and the parties. It is not an issue for you to consider.

Perform these duties fairly. Do not let any bias, sympathy or

5

prejudice that you may feel toward one side or the other influence your decision in any way.

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

As you know, the defendant, Alexander Sittenfeld, has pleaded not guilty to the crimes charged against him in the Indictment. The Indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that a defendant is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a

doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict on that count. If you are not convinced, say so by returning a not guilty verdict on that count.

## EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the stipulations to which the lawyers agreed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions during trial are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## CONSIDERATION OF EVIDENCE

You are to consider only the evidence in the case. You should use your common sense in weighing the evidence. Consider the evidence in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, unless otherwise instructed. Any inferences you make must be reasonable and must be based on the evidence in the case.

The existence of an inference does not change or shift the burden of proof from the government to the defendant.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor says that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## CREDIBILITY OF WITNESSES

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony:

(A)  Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B)  Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C)  Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D)  Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

13

(E)    Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F)    Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G)    And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

14

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

## LAW ENFORCEMENT TECHNIQUES

You have heard evidence about the government's use of undercover agents. The government is permitted to use undercover agents to investigate possible criminal activity and to use undercover techniques like those employed here. You should consider evidence obtained through the use of undercover agents together with and in the same way you consider the other evidence.

16

## NUMBER OF WITNESSES

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

## LAWYERS' OBJECTIONS

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

# DEFINING THE CHARGED CRIMES AND RELATED MATTERS
## INTRODUCTION

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crime that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged against him in the Indictment. Your job is limited to deciding whether the government has proved each crime charged against the defendant.

During the course of the trial, you may have heard evidence about the conduct of other individuals, including other public officials, and you may wonder if their conduct did, or did not, violate any laws. You may also wonder whether they will, or will not, be charged with a crime. You should not concern yourself with these matters. In your deliberations, you should consider only whether Mr. Sittenfeld violated the laws that the Indictment charges him with violating.

## DEFENDANT CHARGED WITH MULTIPLE CRIMES

The defendant has been charged with several crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

## INTRODUCTION TO THE COUNTS

The Indictment charges Mr. Sittenfeld with six counts. Count 1 and Count 2 allege that he violated 18 U.S.C. §§ 1343 and 1346, which is referred to as the crime of honest services wire fraud. Count 3 and Count 5 charge him with bribery concerning programs receiving federal funds, in violation of 18 U.S.C. § 666. Finally, Count 4 and Count 6 charge Mr. Sittenfeld with attempted extortion under color of official right, in violation of 18 U.S.C. § 1951.

Each of these three crimes has certain elements that define that particular crime. The Court will now instruct you as to the elements of each of these three crimes.

21

## Counts One and Two: 18 U.S.C. §§ 1343, 1346

## (Honest Services Wire Fraud)

Count One and Count Two each charge that Mr. Sittenfeld committed honest services wire fraud, in violation of 18 U.S.C. §§ 1343 and 1346, through a scheme that began on or about September 21, 2018 and continued through on or about February 4, 2020. Because Count One and Count Two charge the same violation, the same elements apply to each of the counts. However, as I instructed you earlier, you must separately consider the evidence that relates to each count, and return a separate verdict for each one. That is, for each count, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular count.

To establish that Mr. Sittenfeld is guilty of the crime charged in Count One or Count Two, you must find that the government has proved beyond a reasonable doubt that on or about the dates referenced above, each and every one of the following elements occurred as to that count:

1. That Mr. Sittenfeld knowingly devised or participated in a scheme to defraud the public of its right to his honest services as a public official through bribery;

2. That the scheme included a material misrepresentation or concealment of a material fact; here the government alleges that the material misrepresentation or concealment consisted of failure to disclose the bribery scheme;

3.     That Mr. Sittenfeld had the intent to defraud; and

4.     That Mr. Sittenfeld used wire, radio or television communications or caused another to use wire, radio or television communications in interstate commerce in furtherance of the scheme. (In Count One, the government relies on a communication that allegedly occurred on November 21, 2018, to meet this element. In Count Two, the government relies on a communication that allegedly occurred on September 25, 2019, to meet this element.)

Now I will give you more detailed instructions on some of the terms or phrases used in these elements.

The first element that the government must prove is that Mr. Sittenfeld knowingly devised or participated in a scheme or artifice to defraud the public and the government of their to right to his honest services through the use of bribes. A "scheme" is any plan or course of action formed with the intent to accomplish some purpose. Here the scheme alleged in the Indictment for Count 1 and Count 2 is a bribery scheme. Thus, to find Mr. Sittenfeld guilty of this offense, you must find that he devised or participated in a plan or course of action involving bribes.

Public officials owe a fiduciary duty to the public. That means that the official has a duty of honesty and loyalty to act in the public's interest,

not for his or her own enrichment. If a public official devises or participates in a bribery scheme, that official violates the public's right to his or her honest services. This is because the official outwardly purports to be exercising independent judgment in performing his or her official work, but instead has received benefits for the outcome or deed. The public is defrauded because the public is not receiving what it expects and is entitled to, namely, the public official's honest services.

As I have been discussing the term "bribery scheme," let me define further what I mean by "bribery." Bribery is a situation where a person (who I will refer to as the "payor") has agreed to provide, or has actually provided, a thing (or things) of value to a public official in return for the public official agreeing to undertake, or undertaking, a specific official action. This is sometimes referred to as a *quid pro quo* (which is a Latin phrase meaning "this for that" or "these for those"). A bribery exchange can include either (1) a public official's solicitations of things of value in exchange for performing or agreeing to perform specific official action, or (2) a public official's receipt of things of value when the public official knows that the person who gave the thing of value was doing so in return for the public official performing or agreeing to perform a specific official action. It is immaterial whether or not the payor actually provides the thing of value, and whether or not the public official ultimately performs the specific official action, or even whether the public official intends to undertake that action at the time he receives the payment. (For example, if a public official secured a contribution by falsely representing that in

exchange for the contribution he would vote a particular way on a particular issue, it would still be bribery even if the public official in fact did not intend to vote that way on that issue.)

The government need not show that the *quid pro quo* was express. That is, the government need not show that Mr. Sittenfeld actually said something to the effect of "I promise to perform this official act in exchange for that thing of value." That is because, if that were the case— if the law required a showing of an express *quid pro quo*—then the law's effect could be frustrated by knowing winks and nods. At the same time, though, while the government need not prove that the *quid pro quo* was *express*, the government must prove that the *quid pro quo* was *explicit*. In other words, the government must show that the contours of the proposed exchange were clearly understood by both the public official and the payor, even if the proposed exchange was not communicated between them in express terms.

On that front, the government may establish the public official's intent to exchange an official action for the thing of value by circumstantial evidence. This can include, for example, Mr. Sittenfeld's words, conduct, acts, and all the other surrounding circumstances disclosed by the evidence, as well as any rational or logical inferences that you may draw from those surrounding circumstances.

While bribery requires either (1) that the public official intended to exchange a thing of value from the payor for specific official action from

25

the public official, or (2) that the public official knew that the payor intended to exchange the thing of value for a specific official act from the public official, there is no requirement that each payment be correlated with a specific official act, so long as the public official understood that the agreement was to take a specific official action on the payor's behalf when the opportunity presented itself.

It is not a defense to bribery for the public official to claim that he would have lawfully performed the official action in question even without the payor having promised to provide, or having provided, the thing of value. In other words, it is not a defense that, in exchange for the offer or promise of a thing of value from the payor, the public official undertook (or promised to undertake) an official action that is actually lawful, desirable, or even beneficial to the public, or is an action that the public official intended to undertake anyway. The offense of "honest services" fraud is not concerned with the wisdom or results of the public official's decisions, but rather with the manner in which the public official makes his or her decisions. So, for example, if a public official promised to vote in a certain way in exchange for a payment, it would still be bribery, even if the public official already intended to vote that way, even apart from the payment. At the same time, you may, but are not required to, consider whether the public official would have performed the official action in question, even in the absence of payment, as a factor in deciding whether the performance of the official act supports an inference that the public official intended to enter into an explicit *quid pro quo*.

26

Also, it is not necessary for the government to prove that the bribery scheme actually succeeded, or that Mr. Sittenfeld actually took any official act in the course of the scheme. Rather, what the government must prove is that Mr. Sittenfeld knowingly devised or participated in a scheme or artifice to defraud the public and the government of their right to a public official's honest services through bribes.

Also, because people rarely act for a single purpose, the government need not show that Mr. Sittenfeld undertook, or promised to undertake, the official action *only* because of the offer or acceptance of the thing of value. Rather, if you find that Mr. Sittenfeld solicited or received a thing of value in exchange for promising to perform, or performing, a specific official action, then it makes no difference that Mr. Sittenfeld may also have had another lawful motive for undertaking that official action. That said, you may, but are not required to, consider whether Mr. Sittenfeld had some other lawful motive for undertaking the official action as a factor in deciding whether Mr. Sittenfeld's performance of the official act supports an inference that he intended to enter an explicit *quid pro quo* agreement.

The term "official act" means any decision or action on any question, matter, cause, suit, proceeding or controversy, which may at any time be pending, or which may by law be brought before any public official, in such official's official capacity, or in such official's place of trust or profit. This definition of official act has two parts.

(1)     First, the evidence must show a question, matter, cause, suit, proceeding, or controversy that may at any time be pending or may by law be brought before a public official. A "question, matter, cause, suit, proceeding, or controversy" must involve a formal exercise of governmental power, and it must be something specific and focused.

(2)     Second, the government must prove that the public official made a decision or took an action on that question or matter, or agreed to do so. The decision or action may include using an official position to exert pressure on another official to perform an official act. Actual authority over the end result is not controlling.

Under this definition, some acts do not count as "official acts." For example, setting up a meeting, calling another public official, or hosting an event would not, standing alone, qualify as an "official act."

Mr. Sittenfeld need not have a direct role in the official act; an indirect role is sufficient.

As described above, Mr. Sittenfeld need not have actually performed the identified official act, or even intended to do so. Rather, it is sufficient if Mr. Sittenfeld agreed to perform a specific official act in exchange for a thing of value, or if he received a payment knowing it was

28

provided to him in exchange for his agreement to perform a specific official act.

Moreover, Mr. Sittenfeld need not have specified the means that he would use to perform his end of the bargain. You may, for example, conclude that an agreement was reached if the evidence shows that Mr. Sittenfeld received a thing of value knowing that it was given to him with the expectation that he would perform a specific official act in return.

A "thing of value" includes things possessing intrinsic value, whether tangible or intangible, that the person giving or offering, or the person soliciting or receiving, considers to be worth something. A "thing of value" could include a campaign or political action committee ("PAC") contribution, so long as the contribution was solicited or received in exchange for specific official acts.

That said, while a campaign contribution to a PAC could be a thing of value for purposes of establishing a bribe, not all campaign contributions are bribes. As a general matter, political contributions are a legitimate part of our system of privately financed elections. Absent an explicit *quid pro quo* agreement, donors are free to offer, and public officials are free to accept, donations that are motivated by a generalized hope that the donation may result in some form of favorable treatment. Likewise, a public official is free to solicit or accept contributions, even from persons who have business pending before the public official. Moreover, there is nothing inherently wrongful with a public official

29

taking official acts that advance the interests of a contributor, even if those official acts occur shortly before or after the public official solicits or receives a contribution. But, if the public official has entered an explicit *quid pro quo* agreement, as that term was defined above, in soliciting or accepting such a contribution, or if the public official knows that the donor believes that the public official has entered such an agreement, then the contribution is a bribe. And, in deciding whether an explicit *quid pro quo* agreement exists, you may, but are not required to, consider whether the closeness in time between the solicitation or acceptance of the contribution, on the one hand, and the official act, on the other, gives rise to an inference that such an agreement exists.

To act with "intent to defraud" means to act with an intent to deceive or deprive the public and government of their right to a public official's honest services.

A misrepresentation or concealment is "material" if it has a natural tendency to influence or is capable of influencing the decision of the public or government agency that employed the public official.

The fraud or misrepresentation may consist of the concealment or failure to disclose the thing (or things) of value that the public official has solicited, received, or agreed to receive, or the public official's implicit false pretense to his governmental employer or the public that he remains loyal to the employer's or the public's interest.

Wire communication includes communications that occur by telephone. To "cause" wire, radio or television communications to be used is to do an act with knowledge that the use of the communications will follow in the ordinary course of business or where such use can reasonably be foreseen.

The term "interstate commerce" includes wire, radio or television communications which crossed a state line.

It is not necessary that the government prove all of the details concerning the precise nature and purpose of the bribery scheme set forth in the Indictment, or that the material transmitted by wire, radio or television communications was itself false or fraudulent, or that the alleged scheme actually succeeded in defrauding anyone, or that the use of the wire, radio or television communications was intended as the specific or exclusive means of accomplishing the alleged fraud, or that someone relied on the misrepresentation or false statement or that the defendant obtained money or property for his own benefit.

If you are convinced that the government has proved all of these elements as to Count 1, or as to Count 2, or as to both, say so by returning a guilty verdict on that count or counts. If you have a reasonable doubt about any one of the elements as to Count 1, or as to Count 2, or as to both, then you must find Mr. Sittenfeld not guilty of that count or counts.

## Count Three and Count Five: 18 U.S.C. § 666
### (Bribery Concerning Programs Receiving Federal Funds)

Counts Three and Five each charge Mr. Sittenfeld with bribery concerning programs receiving federal funds, in violation of 18 U.S.C. § 666. The difference between the two counts is that Count Three asserts a violation that allegedly occurred "from on or about September 21, 2018, to on or about December 17, 2018." Count Five on the other hand asserts a violation that allegedly occurred "from on or about July 8, 2019, to on or about February 5, 2020."

Because Count Three and Count Five charge a violation of the same statute, the same elements apply to both counts. However, as I instructed you earlier, you must separately consider the evidence that relates to each count, and return a separate verdict for each one. For each count, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular count.

For each of Count Three and Count Five, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

1. That at the time alleged in the count, Mr. Sittenfeld was an agent of the City of Cincinnati;

2. That Mr. Sittenfeld solicited, demanded, accepted or agreed to accept a thing of value from another person;

3.    That Mr. Sittenfeld acted corruptly with the intent to be influenced or rewarded in connection with specific business, transaction or series of transactions involving the City of Cincinnati City Council and the 435 Elm Street Project;

4.    That this business, transaction or series of transactions involved a thing with a value of $5,000 or more; and

5.    That the City of Cincinnati, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, insurance or other assistance. The one-year period must begin no more than 12 months before the defendant committed these acts and must end no more than 12 months afterward. (The parties in this case have stipulated that this element is met as to both Count 3 and Count 5. This is the only element as to which the parties have stipulated.)

Now I will give you more detailed instructions on some of these terms.

As to the first of the five elements set forth above, an "agent" is a person who is authorized to act on behalf of the City of Cincinnati, including an employee, officer, or representative. A member of Cincinnati City Council is an agent of the City of Cincinnati.

33

As to the second element— that Mr. Sittenfeld solicited, demanded, accepted or agreed to accept a thing of value from another person—a "thing of value" may be tangible property, intangible property, or services, of any dollar value, so long as it has value. The term "thing of value" includes contributions to a campaign or political action committee ("PAC") account.

The government is not required to prove that the thing of value that the defendant allegedly illegally solicited, demanded, accepted, or agreed to accept was "federal benefits," or that the illegal acts directly affected the federal benefits that the entity received. Rather, the government is required to prove only that the defendant illegally solicited, demanded, accepted, or agreed to accept a thing of value while he was an agent of an entity that received in excess of $10,000 in federal benefits. Finally, the government is not required to prove that the defendant knew that the entity received in excess of $10,000 in federal benefits.

In deciding whether something constitutes a thing of value, it is not necessary for the government to prove that the defendant personally benefited from the receipt of that thing.

As to the third element—that the defendant acted corruptly with the intent to be influenced or rewarded in connection with specific business, transaction or series of transactions involving the City of Cincinnati City Council and the 435 Elm Street Project—the Court further instructs you that, to prove this element in the context of political

34

contributions like those at issue here, the government must prove beyond a reasonable doubt that there was a *quid pro quo* agreement between the parties whereby Mr. Sittenfeld intended to provide the contributor, in exchange for the contributions, some advantage inconsistent with official duty and the rights of others. And on that front, the agreement once again need not be express, but it must be explicit. That is, the government must show that the contours of the proposed exchange were clearly understood by both the public official and the payor, even if the proposed exchange was not communicated between them in express terms. Unlike the case as to Counts 1 and 2, however, the government need not prove such an agreement existed as to any specific official act. Rather, it is enough that an agreement existed. So, for example, the agreement could be something as nebulous as, "If you contribute to me, I will use my official powers to take care of you once I am in office." That is because, in such a case, the public official would be promising to use his influence in the payor's favor in exchange for the contribution, even though the public official is not identifying any specific official action.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the count you are considering, then you should find the defendant guilty of that count. If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the count you

are considering, then you should find the defendant not guilty of that count.

### Count Four and Count Six: 18 U.S.C. § 1951 (Attempted Extortion Under Color Of Official Right)

Counts Four and Six each charge Mr. Sittenfeld with attempted extortion under color of official right, in violation of 18 U.S.C. § 1951. The two counts differ only as to date. Count Four alleges that a violation occurred "from on or about September 21, 2018, to on or about December 17, 2018." Count Six alleges that a violation occurred "from on or about July 8, 2019, to on or about February 5, 2020."

Because Count Four and Count Six each charge the same type of crime, the same elements apply to both counts. However, as I instructed you earlier, you must separately consider the evidence that relates to each count, and return a separate verdict for each of the two counts. For each, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular count.

As to each of Count Four and Count Six, you should return a verdict of not guilty unless you find that the government has proved each and every one of the following four elements beyond a reasonable doubt.

(A)   First, that Mr. Sittenfeld was a public official.

(B)   Second, that Mr. Sittenfeld obtained, accepted, agreed to accept, or received property, that he was not lawfully entitled to, from another person with that person's consent.

(C)    Third, that Mr. Sittenfeld knew the property that he obtained, accepted, agreed to accept, or received was being offered or provided to him in exchange for either (1) undertaking a specific official action, or (2) him agreeing to undertake a specific official action.

(D)    Fourth, that as a result, interstate commerce was, or would have been, affected in any way or degree.

Now I will give you more detailed instructions on some of the terms used in those four elements.

(A)    The term "public official" means a person with a formal employment relationship with government.

(B)    The term "property" means money or other tangible or intangible things of value that can be transferred, including campaign or PAC contributions.

(C)    The phrase the defendant "knew the property that he obtained, accepted, agreed to accept, or received was being offered or provided to him in exchange for either (1) undertaking a specific official action, or (2) him agreeing to undertake a specific official action" may include the conduct of taking a bribe, where the word bribe is defined in the same manner as it was in connection with the instructions I gave

38

you for Honest Services Wire Fraud. Consistent with those earlier instructions, I remind you that:

(i)     Efforts to buy favor or generalized good will do not necessarily amount to bribery. For example, bribery does not include gifts given in the hope that at some unknown, unspecified time, a public official might act favorably in the giver's interests.

(ii)    Gifts exchanged solely to cultivate friendship are not bribes; things of value given in friendship and without expectation of anything in return are not bribes.

(iii)   It is not a defense to bribery that the public official would have done the official act anyway, even without the receipt of the property. At the same time, you may, but are not required to, consider whether the public official would have performed the official act in question, even in the absence of payment, as a factor in deciding whether the performance of the official act supports an inference that the public official intended to enter into an explicit *quid pro quo*.

(D)   The term "official act" has a specific meaning. It does not include anything and everything that an official does in his official capacity. The term "official act" does, however, extend

39

to any decision or action on any question, matter, cause, suit, proceeding or controversy, which may at any time be pending, or which may by law be brought before any public official, in such official's official capacity, or in such official's place of trust or profit.

(i)    This definition of official act has two parts.

    (a)    First, the evidence must show the existence of a question, matter, cause, suit, proceeding or controversy that may at any time be pending or may by law be brought before a public official. A "question, matter, cause, suit, proceeding or controversy" must involve a formal exercise of governmental power, and it must be something specific and focused.

    (b)    Second, the government must prove that the public official, here Mr. Sittenfeld, made a decision or took an action on that question or matter, or that the public official agreed to do so. The decision or action may include using an official position to exert pressure on another official to perform an official act. Mr. Sittenfeld need not have had actual authority to perform the act in question.

(ii)    Under this definition, some acts do not count as "official acts." For example, setting up a meeting, calling another public official, or hosting an event does not, standing alone, qualify as an "official act."

(iii)    Mr. Sittenfeld need not have had a direct role in the official act; an indirect role is sufficient.

(E)    Conduct affects interstate commerce if it in any way interferes with or changes the movement of goods, merchandise, money, or other property in commerce between different states. Any effect at all on commerce is enough.

(i)    You should find that Mr. Sittenfeld attempted to affect interstate commerce if 1) he obtained money that was provided by a law enforcement agency as part of an investigation, and 2) the money appeared to belong to a business or individual involved in real estate development, either as a developer or an investor, and 3) the business or individual appeared to customarily purchase goods from outside the State of Ohio, or engaged in business outside the State of Ohio.

(ii)    It is not necessary for you to find that there was an actual effect on interstate commerce; Mr. Sittenfeld need only have attempted to affect interstate commerce.

(3)   To obtain a conviction on this charge, the government need not prove

   (A)   that the bribery agreement was stated in express terms, for otherwise the law's effect could be frustrated by knowing winks and nods. A bribery agreement is satisfied by something short of a formalized and thoroughly articulated contractual arrangement. That said, as I previously stated in connection with Counts 1 and 2, while a bribery agreement need not be express, it must be explicit, by which I mean that the government must show that the contours of the proposed exchange were clearly understood by both the public official and the payor, even if the proposed exchange was not communicated between them in express terms;

   (B)   that Mr. Sittenfeld ultimately performed the official act;

   (C)   that the property was exchanged only for an official act. Because people rarely act for a single purpose, if you find that the property was exchanged at least in part for an official act, then it makes no difference that Mr. Sittenfeld may have also had another separate lawful purpose for exchanging the property;

   (E)   that Mr. Sittenfeld had the actual power to effectuate the end for which he accepted or induced payment; it is sufficient that

42

Mr. Sittenfeld exploited a reasonable belief that he had the power to do so.

(4)  If you are convinced that the government has proved all of the above-stated elements, consistent with the definitions that I provided regarding those elements, either as to Count 4, or as to Count 6, or as to both, say so by returning a guilty verdict on that count or counts. If you have a reasonable doubt about any one of these elements as to either Count 4, or as to Count 6, or as to both, then you must find Mr. Sittenfeld not guilty of that count or counts.

**Campaign Contributions as Bribes/Defendant Not Charged With Campaign Finance Law Violations**

Campaign contributions to public officials, or to PACs with which a public official is associated, are generally protected by the First Amendment, unless they qualify as bribe payments. For campaign or PAC contributions to qualify as bribe payments, they must be part of an explicit promise or understanding by the public official. This instruction governs when campaign contributions can be bribe payments relevant to Counts 1 through 6.

For Counts 1, 2, 4, and 6, acceptance by an elected official of a campaign contribution, by itself, does not constitute bribery, even if the person making the contribution has business pending before the official. However, if a public official receives or obtains the contribution, or agrees to do so, knowing or believing that the contributor is giving the contribution in exchange for the public official undertaking or agreeing to undertake a specific requested exercise of his official powers, the public official has committed bribery, even though the money or property to be given to the official is in the form of a campaign or PAC contribution.

Similarly, for Counts 3 and 5, the public official's acceptance of a campaign or PAC contribution, by itself, does not constitute bribery, even if the person making the contribution has business pending before the official. However, if a public official solicited, demanded, accepted or

agreed to accept the contribution, in exchange for his agreement to be influenced or rewarded in connection with either specific business, or a transaction or series of transactions of the City of Cincinnati, he has committed bribery concerning Counts 3 and 5, even though the money or property to be given to the official is in the form of a campaign or PAC contribution.

Given the various testimony you have heard regarding campaign contributions and campaign finance law during the course of this trial, the Court further instructs you that the Indictment in this case does not charge Mr. Sittenfeld with violating any campaign finance law. You should understand that in our system of privately funded political campaigns, candidates for office may solicit and accept contributions, including contributions to the PAC in this case.

Moreover, there is also nothing inherently improper about "bundling" campaign contributions. "Bundling" means that a single person collects checks from one or more other donors and then delivers those contributions to a candidate. "Bundling" is permissible so long as each contribution accurately reflects the true source of funds. In other words, there is nothing wrong, for example, with Person A delivering contributions to a candidate on behalf of Person B and Person C, so long as Person B and Person C are the true sources of the funds delivered to the candidate in their name. However, it is not permissible for a candidate to accept contributions from Person A on behalf of Person B

45

and Person C if the candidate knows that Person B and Person C are not the true sources of the funds.

There also is nothing necessarily improper under campaign finance law about a candidate merely discussing his positions regarding an issue with a campaign contributor, including on the same occasion as the candidate accepts a contribution or discusses campaign contributions. And there is not necessarily anything improper under campaign finance law about soliciting contributions from individuals or entities who have business pending before a political body on which the candidate serves or may serve. That said, as I have explained to you in much more detail in connection with the elements of the various charges actually at issue in this case, if a candidate has entered an explicit *quid pro quo* agreement in exchange for a contribution, that would give rise to criminal liability under the charges at issue here.

Separately, the Court also instructs you that the fact that Mr. Sittenfeld's PAC, the Progress & Growth PAC, did not bear his name was not improper, but was instead required by campaign finance law. Nor is there anything improper about the fact that the PAC bore Mr. Sittenfeld's initials. There is likewise nothing improper about Mr. Sittenfeld exercising control over the PAC in this case. Again, the Indictment in this case does not charge Mr. Sittenfeld with violating any law or regulation regarding campaign finance. As I have instructed you, Mr. Sittenfeld is only on trial for the offenses charged in the Indictment. In your

deliberations, you should consider only whether Mr. Sittenfeld violated the laws that the Indictment charges him with violating, and not whether he violated, or did not violate, any other laws, including any campaign finance laws.

## ON OR ABOUT

Next, I want to say a word about the dates mentioned in the Indictment.

The Indictment charges that Counts One and Two happened beginning "on or about" September 21, 2018, until "on or about" February 4, 2020. The Indictment charges that Counts Three and Four happened beginning "on or about" September 21, 2018, until "on or about" December 17, 2018. The Indictment charges that Counts Five and Six happened beginning "on or about" July 8, 2019, until February 5, 2020. In each instance, the government does not have to prove that the crimes happened on those exact dates. But the government must prove that the crimes happened reasonably close to those dates.

48

## INFERRING REQUIRED MENTAL STATE

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

## DEFENDANT'S TESTIMONY

You have heard the defendant testify. Earlier, I talked to you about the "credibility" or the "believability" of the witnesses. And I suggested some things for you to consider in evaluating each witness's testimony.

You should consider those same things in evaluating the defendant's testimony.

## WITNESS TESTIFYING TO BOTH FACTS AND OPINIONS

You have heard the testimony of some witnesses who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept anyone's opinion. In deciding how much weight to give the opinions, you should consider the witness's experiences and how he or she reached his or her conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## TESTIMONY OF A WITNESS UNDER REDUCED
## CRIMINAL LIABILITY

You have heard the testimony of Chinedum Ndukwe and Jared Kamrass. You have also heard that the government signed a proffer agreement in which the government promised not to use any truthful information that the witnesses provided to the government to prosecute those persons.

It is permissible for the government to make such a promise. But you should consider Mr. Ndukwe's and Mr. Kamrass's testimony with more caution than the testimony of other witnesses. Consider whether their testimony may have been influenced by the government's promise.

Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe their testimony beyond a reasonable doubt.

## SECONDARY-EVIDENCE SUMMARIES
## ADMITTED IN EVIDENCE

During the trial you have seen or heard summary evidence in the form of charts. This summary was admitted in evidence, in addition to the material it summarizes, because it may assist you in understanding the evidence that has been presented.

But the summary itself is not evidence of the material it summarizes, and is only as valid and reliable as the underlying material it summarizes.

## OTHER ACTS OF THE DEFENDANT

You have heard testimony that the defendant committed acts other than the ones charged in the Indictment. If you find the defendant did those acts, you can consider the evidence only as it relates to the government's claim on the defendant's intent. You must not consider it for any other purpose.

Remember that the defendant is on trial here only for the charges contained in the Indictment, not for the other acts. Do not return a guilty verdict unless the government proves the crime charged in the Indictment beyond a reasonable doubt.

## STIPULATIONS

The government and the defendant have agreed, or stipulated, to certain facts. Therefore, you must accept the following stipulated facts as proved:

It is hereby stipulated and agreed to by the parties that the City of Cincinnati received Federal benefits in excess of $10,000 under a Federal program involving Federal assistance during both the twelve-month calendar year of 2018 and the twelve-month calendar year of 2019. It is also stipulated that, in calendar years 2018 and 2019, the City of Cincinnati was a local government in the state of Ohio, and Mr. Sittenfeld was an elected official serving on Cincinnati City Council and was paid by the City of Cincinnati.

## REDACTIONS

The Court's rules require that certain information be redacted from exhibits. You should not draw any inference from the fact that an exhibit is redacted, or in other words that it has material that is blacked out.

## INSTRUCTIONS FOR BEGINNING DELIBERATIONS

Now that you have heard closing arguments from each party, let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the Court Security Officer stationed outside your room, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the Court Security Officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

You will have a copy of the exhibits that were admitted in evidence with you in the jury room. We will also provide a device that will allow you to play any audio or video files that were admitted into evidence. The courtroom deputy will provide these materials shortly after you begin deliberations, and can answer any questions you have about how to play the audio or video files.

57

One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

When you arrive at a verdict, you will notify the Court Security Officer, who will inform the Court.

## EXPERIMENTS, RESEARCH, INVESTIGATION
## AND OUTSIDE COMMUNICATIONS

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media or application, such as a telephone, cell phone, smart phone, iPhone, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, LinkedIn, YouTube, Twitter, Instagram, WhatsApp, Snapchat or other similar electronic service, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. Even using your smartphones, tablets, and computers—and the news and social media apps on those devices—

59

may inadvertently expose you to certain notices, such as pop-ups or advertisements, that could influence your consideration of the matters you've heard about in this courtroom. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

## UNANIMOUS VERDICT

Your verdict, whether it is guilty or not guilty, must be unanimous as to each count.

To find the defendant guilty of a particular count, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt as to that count.

To find him not guilty of a particular count, every one of you must agree that the government has failed to convince you beyond a reasonable doubt as to that count.

Either way, guilty or not guilty, your verdict must be unanimous as to each count.

## DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

## PUNISHMENT

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

## VERDICT FORM

I have prepared a verdict form that you should use to record your verdict. The form reads as follows: _____.

If you decide that the government has proved a given count against Mr. Sittenfeld beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved that count against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Each of you should then sign the form, put the date on it, and return it to me.

## COURT HAS NO OPINION

Let me remind you of one thing that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt of any of the charged crimes.

## JUROR NOTES

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

## WRITTEN INSTRUCTIONS

Finally, to the extent that you need to refer to these written instructions, you may do so. One copy of the written form of the instructions on the law I have just given you will be available to you in the jury room.

You are invited to use these instructions in any way that will assist you in your deliberations and in arriving at a verdict.

These written instructions, which are in exactly the same language as I have given them to you orally, represent the law that is applicable to the facts, as you find the facts to be.