# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**UNITED STATES OF AMERICA,**

      Plaintiff,

  v.

**ALEXANDER SITTENFELD,**

      Defendant.

**Case No. 1:20-cr-142**
**JUDGE DOUGLAS R. COLE**

## OPINION AND ORDER

This cause comes before the Court on the Cincinnati Enquirer's (the "Enquirer") Motion to Unseal Portions of Proceedings (the "Motion," Doc. 165). For the reasons below, the Court **DENIES** the Enquirer's Motion (Doc. 165).

## THE INSTANT MOTION[1]

Sittenfeld is a former Cincinnati City Council member. On November 18, 2020, the government indicted Sittenfeld on two counts each of honest services wire fraud, bribery, and attempted extortion under color of official right in connection with the Council's approval of a real estate development project. (*See* Doc. 3). The matter proceeded to trial on June 21, 2022. On July 8, 2022, the jury found Sittenfeld guilty of two of the six counts.

---

[1] The Court has already extensively summarized the factual and procedural background of this case in its March 1, 2021, Opinion and Order (Doc. 53) denying Sittenfeld's Amended Motion to Dismiss (Doc. 25). Accordingly, the Court limits its background discussion here to the narrow issue raised by the instant Motion.

The week before trial, on June 13, 2022, the Enquirer filed the instant Motion. In that Motion, the Enquirer seeks to unseal pre-trial briefing regarding the admissibility of evidence of a government agent's conduct, as well as a redacted censure letter related to that conduct that Sittenfeld attached to that briefing. (Mot., Doc. 165, #2805). The Court had granted leave to file such material under seal in its April 15, 2021, Opinion and Order (Doc. 63, #775–76).

The government responded in opposition (Doc. 185) on June 17, 2022. The government argued that avoidance of prejudicial pretrial publicity (at the time the matter had yet to proceed to trial) and third-party privacy interests were compelling reasons justifying sealing, and that those interests outweigh the public interest in a matter with limited relevance to the case. (*Id.* at #2901–02). The government also argued that the censure letter itself is not properly part of the record. (*Id.* at #2903). True, Sittenfeld attached a redacted version of the censure letter to his sealed Response (Doc. 151) to the government's sealed Motion to Exclude Improper Impeachment (Doc. 142), which in part concerned the agent conduct at issue here. But the government says that does not make the letter part of the record because Sittenfeld did not rely on the contents of the letter in making his arguments about its admissibility. (Opp'n, Doc. 185, #2903–04).

Later on June 17, 2022, the Enquirer filed a Reply (Doc. 187) in support of its Motion. In a sealed Order (Doc. 191) on the same day, the Court addressed the parameters of permissible impeachment of the undercover agent in question. At trial, the agent testified briefly to the conduct at issue, which consisted of an extramarital

affair he had under his alias. The defense also referred to the censure letter, but did not seek to admit is as an exhibit at trial. The matter is now fully briefed and before the Court.

## LAW AND ANALYSIS

A district court's decision to seal court records is reviewed for an abuse of discretion. *Beauchamp v. Fed. Home Loan Mortg. Corp.*, 658 F. App'x 202, 207 (6th Cir. 2016) (citing *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 306 (6th Cir. 2016)). But in the sealing context, that "decision is not accorded the deference that standard normally brings." *Id.* To avoid abusing its discretion, a district court faced with a motion to seal must "set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 825 F.3d at 306 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C*, 710 F.2d 1165, 1176 (6th Cir. 1983)).

A district court is under an independent obligation, which exists regardless of any agreement or disagreement among the parties, to determine whether sealing is warranted. *See Proctor* [sic] *& Gamble Co. v. Ranir, LLC*, No. 1:17-cv-185, 2017 WL 3537195, at *2 (S.D. Ohio Aug. 17, 2017) ("A movant's obligation to provide compelling reasons justifying the seal exists even if the parties agree the filings should be sealed, because litigants cannot waive the public's First Amendment and common law right of access to court filings." (citing *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016))).

In response to a motion seeking sealing, this Court must determine whether the party moving for a seal overcomes the "strong presumption in favor of openness." *Brown & Williamson*, 710 F.2d at 1179. The Court must then justify "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary." *Shane Grp.*, 825 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176). And as the Sixth Circuit has repeatedly cautioned, "only the most compelling reasons can justify non-disclosure of judicial records." *In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 940 (6th Cir. 2019) (brackets and citation omitted). On top of this, the Court must ensure that any sealing order be "narrowly tailored" to serve the reason asserted. *Shane Grp.*, 825 F.3d at 305. To meet this narrow tailoring requirement, the moving party must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quoting *Baxter Int'l v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). So a motion to seal must address each document the moving party wants to seal or redact.

Here, the Court has previously determined that material related to the agent's affair met the *Shane Group* standard for sealing. (*See* Op., Doc. 63, #775–76). To be sure, one of the rationales for sealing, avoidance of prejudicial publicity, no longer applies now that the trial is over. But the agent conduct at issue remains only tangentially related to the case, and third-party privacy interests continue to support sealing. Moreover, as noted above, the censure letter itself never became part of the evidence at trial. Even if the letter were technically a part of the record because it

4

was attached to Sittenfeld's sealed briefing—an issue the Court need not, and does not, decide—the letter is at best peripheral to the public's interest in the allegations against Sittenfeld, or the public's understanding of the court proceedings involving those allegations. The portions of briefing that addressed the admissibility of evidence of the agent's affair are likewise of limited public interest now that the agent has testified at trial within the parameters the Court allowed. Moreover, because the parties filed unsealed versions of the briefing at issue here, redacting only limited content related to the specifics of the agent's affair in keeping with the Court's previous Opinion (Doc. 63), the seal remains no broader than necessary.

In short, the briefing at issue relating to admissibility, along with the redacted censure letter, never became part of the adjudicative record of this case. And as the letter was not admitted at trial, it did not affect the jury's deliberations or verdict in this case, and thus could play no role in informing the public's understanding of that verdict. Accordingly, for these reasons, as well as those stated in the previous Order, the Court adheres to its earlier determination that sealing the materials at issue here is appropriate, and thus the Court **DENIES** the Enquirer's Motion (Doc. 165).

## CONCLUSION

For the reasons above, the Court **DENIES** the Enquirer's Motion (Doc. 165).

**SO ORDERED.**

July 18, 2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**