# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

    v.

**ALEXANDER SITTENFELD,**

    Defendant.

Case No. 1:20-cr-142
JUDGE DOUGLAS R. COLE

## OPINION AND ORDER

This cause comes before the Court on the Cincinnati Enquirer's (the "Enquirer") Motion for Disclosure of Jury Questionnaires (Doc. 209) and Motion to Unseal Transcript of Voir Dire (Doc. 217). For the reasons below, the Court **DENIES** the Motion for Disclosure of Jury Questionnaires (Doc. 209), but **GRANTS** the Motion to Unseal Transcript of Voir Dire (Doc. 217).

## THE INSTANT MOTION[1]

Sittenfeld is a former Cincinnati City Council member. On November 18, 2020, the government indicted Sittenfeld on two counts each of honest services wire fraud, bribery, and attempted extortion under color of official right in connection with the Council's approval of a real estate development project. (*See* Doc. 3). The matter

---

[1] The Court has already extensively summarized the factual and procedural background of this case in its March 1, 2021, Opinion and Order (Doc. 53) denying Sittenfeld's Amended Motion to Dismiss (Doc. 25). Accordingly, the Court limits its background discussion here to the issues raised by the instant Motions.

proceeded to trial on June 21, 2022. On July 8, 2022, the jury found Sittenfeld guilty of two of the six counts.

The Cincinnati Enquirer first moved for disclosure of the juror questionnaires (Doc. 183) shortly before trial on June 16, 2022, but then withdrew its motion on July 6, 2022. During trial, the Court provided general demographic information about the jurors serving on the petit jury including aggregate breakdowns by sex, age, race, occupation, county of residence, and educational background. But the Court did not go further and release the juror questionnaires, in part due to concerns about jury tampering. On July 12, 2022, the Enquirer filed its Motion for Disclosure of Jury Questionnaires (Doc. 209). The Enquirer argues that the Court's concerns about jury tampering do not apply now that the trial is over. On July 18, 2022, the Enquirer filed its Motion to Unseal Transcript of Voir Dire (Doc. 217), which seeks the transcript of the jury voir dire. Both the government and Sittenfeld have declined to respond to either Motion, although the government did file a Response (Doc. 189) to the earlier iteration of the Enquirer's motion for juror questionnaires in which it did not take a position on the question. The matter is now before the Court.

## LAW AND ANALYSIS

The right of public access to criminal trials, including jury selection, is implicit in the First Amendment. *See Richmond Newspapers, Inc. v. Va.*, 448 U.S. 555, 576–77 (1980); *Press-Enter. Co. v. Super. Ct. of Cal., Riverside Cnty.*, 464 U.S. 501, 510 (1984). And not only does the First Amendment guarantee access to criminal matters, but such access is also an important aspect of the constitutional protections afforded

to criminal defendants. *See* U.S. Const. amend. VI ("the accused shall enjoy the right to a speedy and public trial").[2] In short, the Court acknowledges that public access is a vital component of our criminal justice system—particularly where, as here, there is substantial public interest in the matter, and it involves a topic of public concern. That said, the right of public access is not absolute, and may give way in some circumstances to other important issues. *See Press-Enter. Co.*, 464 U.S. at 511–12. But even then, a court denying public access to portions of proceedings must set forth particularized findings on the record, ensure narrow tailoring, and consider alternatives. *See id.* at 509–10.

Here, the Enquirer seeks access to juror questionnaires and the voir dire transcript. The Court addresses them in that order. To the Court's knowledge, neither the Supreme Court nor the Sixth Circuit has decided whether the First Amendment includes a right to access juror questionnaires. But federal courts that have considered the issue have either assumed or decided that there is some public right of access to such materials. *See, e.g., United States v. King*, 140 F.3d 76, 80–81 (2d Cir. 1998); *United States v. Bonds*, No. C 07-00732 SI., 2011 WL 902207, at *1–2 (N.D. Cal. Mar. 14, 2011); *United States v. Mitchell*, No. 2:08CR125DAK., 2010 WL 4386915, at *5 (D. Utah Oct. 29, 2010). On the other hand, under some circumstances, the defendant's right to fair and impartial proceedings, or jurors' interest in their own privacy, may outweigh the public's right of access.

---

[2] That is not to suggest that the Enquirer has standing to raise Sittenfeld's Sixth Amendment concerns. Rather, the Court references the Amendment only as further recognition of the important role that public access plays in the criminal justice system in our country.

3

Here, the Court concludes that continuing to maintain the confidentiality of the juror questionnaires is appropriate for three related reasons. First, the Court has already provided aggregate information about the jurors taken from the juror questionnaires, and the voir dire itself was conducted in open court. Thus, the public has substantial information about the jurors, and the requested information will not materially add to the public's ability to understand or appreciate the criminal process, either overall or in connection with this case.

Second, to the extent that the request is designed to elicit personally identifiable information, the Court notes that this case has involved substantial public scrutiny. That in turn means that releasing such information could lead to jurors being subjected to unwanted, intrusive communications from media or other interested parties. Jurors are conscripted into public service, and the court system has an obligation, to the extent feasible, not to subject them to such contacts as a result of that service. *See United States v. Bruno*, 700 F. Supp. 2d 175, 184–85 (N.D.N.Y. 2010) (denying motion to unseal juror questionnaires based on juror privacy interests). Indeed, failing to provide at least some protection on that front could materially impact the public's willingness to serve on juries in the future. It may also cause jurors in future cases to focus on the potential for post-service contacts, rather than the evidence submitted at trial, as the basis for their decisions, a result that would ill-serve our system of justice.

Third, although the trial has concluded, there are still issues relating to the jury, as the Enquirer has reported, that the parties are litigating. Given that

4

backdrop, the Court is concerned that releasing further information would lead to jurors being contacted while that post-trial litigation process continues. That, in turn, could distort that post-trial litigation process. *See Press-Enter. Co.*, 464 U.S. at 510–11 (1984) (right to fair proceedings may outweigh public interest in information about jurors).

Continued nondisclosure of the juror questionnaires is a narrowly tailored solution to address the concerns the Court has identified. As noted, the Court already has released the general demographic information most salient to the public's legitimate curiosity about the jury's characteristics. The remaining information would add little except to expose individual jurors to unwanted contacts. Relatedly, the Court rejects the possible alternative of releasing the questionnaires but redacting the juror names and addresses because other information, such as the jurors' employers, could still be used to identify them. That is an especially realistic prospect given the substantial media and public attention this case has received in the region. For these reasons, the Court **DENIES** the Enquirer's Motion for Disclosure of Jury Questionnaires (Doc. 209).

On the other hand, the Court determines that the same concerns do not support maintaining the voir dire transcript in its entirety under seal. Because the transcript merely presents in documentary form what has already occurred at a public proceeding, disclosure of the voir dire transcript does not implicate the same privacy concerns as the jury questionnaires. Moreover, being able to consult a written record of the public portions of the voir dire process, as opposed to having to rely solely

5

on memory or contemporaneous news reports, arguably would enhance the public's ability to learn about the proceedings and understand them in hindsight. That said, the voir dire transcript will be redacted to protect any information that a juror shared at a sidebar and that the Court determines implicates a legitimate juror privacy concern that outweighs the public's interest in disclosure. For example, a juror's interest in the privacy of medical information she shared at a sidebar would likely outweigh the public's interest in disclosure of that information.[3] With that caveat, though, the Court **GRANTS** the Enquirer's Motion to Unseal Transcript of Voir Dire (Doc. 217). Accordingly, consistent with Judicial Conference policy on transcripts, the Court will place an unsealed redacted version of the transcript on the public docket, which shall be made electronically available ninety days after the date on which the original sealed voir dire transcript was filed. Any person wishing to obtain a copy of the unsealed redacted transcript in advance of that time may contact the Court Reporter, who will provide such a copy after payment of appropriate fees.

---

[3] The Court conducted a portion of the voir dire in chambers as to particular potential jurors. In particular, as to potential jurors who indicated that they had been exposed to pre-trial media coverage, the Court wanted the parties to be able to explore that issue more fully, without at the same time sharing the information with other potential jurors (and thus potentially tainting those jurors). The Court will release the in-chambers discussion relating to that topic, as the Court did not conduct that in-chambers session for privacy reasons, but rather, as noted above, to prevent further disclosure of potentially prejudicial information to other jurors. That said, there were portions of the in-chambers voir dire as to some jurors that did include discussion of other issues, as to which the Court concludes legitimate privacy concerns exist. Thus, the Court will redact those portions of the in-chambers proceedings.

## CONCLUSION

For the reasons above, the Court **DENIES** the Enquirer's Motion for Disclosure of Jury Questionnaires (Doc. 209). The Court **GRANTS** the Enquirer's Motion to Unseal Transcript of Voir Dire (Doc. 217).

**SO ORDERED.**

August 3, 2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**