```
 1                    UNITED STATES DISTRICT COURT
                       SOUTHERN DISTRICT OF OHIO
 2                          WESTERN DIVISION
                               -  -  -
 3

 4    UNITED STATES OF AMERICA,       : Case No. 1:20-cr-00142-1
                                      :
 5            Plaintiff,               : Jury Trial, Day 9
                                      : Friday, July 1, 2022
 6            - v -                    :
                                      : 9:00 a.m.
 7    ALEXANDER SITTENFELD, a/k/a     :
       "P.G. Sittenfeld,"              : Charging Conference
 8                                    :
              Defendant.               : Cincinnati, Ohio
 9
                               -  -  -
10
                       TRANSCRIPT OF PROCEEDINGS
11
      BEFORE THE HONORABLE DOUGLAS R. COLE, DISTRICT JUDGE
12
                               -  -  -
13
      For the Plaintiff:         EMILY N. GLATFELTER, ESQ.
14                               MATTHEW C. SINGER, ESQ.
                                 MEGAN GAFFNEY PAINTER, ESQ.
15                               U.S. Department of Justice
                                 U.S. Attorney's Office
16                               221 E. Fourth Street, Suite 400
                                 Cincinnati, Ohio  45202
17
      For the Defendant:         CHARLES M. RITTGERS, ESQ.
18                               CHARLES H. RITTGERS, ESQ.
                                 NEAL D. SCHUETT, ESQ.
19                               Rittgers & Rittgers
                                 12 E. Warren Street
20                               Lebanon, Ohio  45036

21    Law Clerk:                 Jacob T. Denz, Esq.

22    Courtroom Deputy:          Scott M. Lang

23    Court Reporter:            M. Sue Lopreato, RMR, CRR
                                 513.564.7679
24
                               -  -  -
25
```

Proceedings recorded in stenotype.
Transcript produced with computer-aided transcription.

```
 1                    P R O C E E D I N G S
 2                  (In open court at 11:53 a.m.)
 3                            -  -  -
 4          THE COURT:  We're here in the matter of United States
 5   of America versus Alexander Sittenfeld.  It's case number
 6   1:20-cr-142, and we're meeting in chambers on jury
 7   instructions.
 8      Could I ask counsel to please enter their appearances for
 9   the record.
10          MR. SINGER:  Matt Singer, Emily Glatfelter, and Megan
11   Gaffney Painter for the United States.
12          THE COURT:  Thank you.
13          MR. C. MATTHEW RITTGERS:  Charlie M. Rittgers,
14   Charlie H. Rittgers, and Neal Schuett for P.G. Sittenfeld.
15          THE COURT:  Okay.  And I have provided all counsel
16   with a copy of the jury instructions as the Court intends to
17   give them.
18      And the purpose of our meeting on the record now is to go
19   through those instructions and allow the parties to make any
20   objections for the record that they want to make to the
21   Court's final instructions here.
22      I am going to put on the record a copy of the jury
23   instructions that I've provided to counsel, and I intend now
24   to go through them one at a time, and to allow the parties to
25   make any objections.
```

1     So I'm going to start -- and I'll refer to each one by
2  the title of the jury instruction.
3     So the first one is general rules, introduction.  Any
4  objection by the government?
5         MS. GLATFELTER:  No.
6         THE COURT:  Any objection by defense?
7         MR. SCHUETT:  No, Your Honor.
8         THE COURT:  Second, juror's duties?
9         MS. GLATFELTER:  No objection.
10        MR. SCHUETT:  No objection, Your Honor.
11        THE COURT:  Third, presumption of innocence, burden
12 of proof, reasonable doubt?
13        MS. GLATFELTER:  No objection.
14        MR. SCHUETT:  No objection.
15        THE COURT:  Fourth, evidence defined?
16        MS. GLATFELTER:  No objection.
17        MR. SCHUETT:  No objection, Your Honor.
18        THE COURT:  Next, consideration of evidence?
19        MS. GLATFELTER:  No objection.
20        MR. SCHUETT:  No objection, Your Honor.
21        THE COURT:  Next, direct and circumstantial evidence?
22        MS. GLATFELTER:  No objection.
23        MR. SCHUETT:  No objection, Your Honor.
24        THE COURT:  Next, credibility of witnesses?
25        MS. GLATFELTER:  No objection.

```
1              MR. SCHUETT:  No objection, Your Honor.
2              THE COURT:  Next, number of witnesses?
3              MS. GLATFELTER:  No objection.
4              MR. SCHUETT:  No objection.
5              THE COURT:  Next, lawyers objections?
6              MS. GLATFELTER:  No objection.
7              MR. SCHUETT:  No objection.
8              THE COURT:  Next, defining the charged crimes, it
9    should be crimes with an s, and related matters introduction?
10             MS. GLATFELTER:  No objection.
11             MR. SCHUETT:  No objection.
12             THE COURT:  Next, defendant charged with multiple
13   crimes?
14             MS. GLATFELTER:  No objection.
15             MR. SCHUETT:  No objection.
16             THE COURT:  Next, introduction to the counts?
17             MS. GLATFELTER:  No objection.
18             MR. SCHUETT:  Just for clarity Your Honor, that's
19   just the general introduction?
20             THE COURT:  Yes.
21             MR. SCHUETT:  No objection to the introduction.
22             THE COURT:  Next, Counts 1 and 2, honest services
23   wire fraud?
24             MS. GLATFELTER:  No objection.
25             MR. SCHUETT:  Your Honor, we do object on Counts 1
```

1    and 2.  Specifically, on page what is 26 of these, where we
2    had asked for explicitly the expressing of support to be
3    included as an example.
4         And then in the matter we were discussing as far as after
5    intent, so it's page 24, at the very bottom, "at the same
6    time."
7         We would prefer the language that is used on page 37, C3,
8    that would state that you may wish to consider such evidence
9    in deciding whether the public official intended to enter an
10   explicit quid pro quo, for clarity reasons.
11        And then on page 26 --
12            THE COURT:  So just to make a clear record,
13   Mr. Schuett, what's going to be on the record is these as
14   marked up now, which doesn't have the language you just
15   referred to on page 37.
16        So I think it would make the record more clear if you
17   said what you would propose the "at the same time" sentence on
18   page 24 to read.  It would make it easier for a reviewer in
19   court to know the alternate language that you intended to have
20   there.
21            MR. SCHUETT:  Yes, Your Honor.  Thank you.  So the
22   statement currently is, "So, for example, if a public official
23   promised to vote in a certain way in exchange for a payment,
24   it would still be bribery, even if the public official already
25   intended to vote that way even apart from the payment."

1      We would suggest that the language after that be that the
2 jury may consider, wish to consider such evidence in deciding
3 whether the public official intended to enter an explicit quid
4 pro quo.
5           THE COURT: And that would, in your view, replace the
6 at the same time language on the bottom of page 24?
7           MR. SCHUETT: Yes, Your Honor.
8           THE COURT: And that objection is overruled. Okay.
9           MR. SCHUETT: On page 26, it's under the to, starting
10 under this definition, "Some acts do not count as official
11 acts. For example, setting up a meeting, calling another
12 public official, or hosting an event would not, standing
13 alone, qualify as an official act."
14      So we would object. We would want expressing support to
15 be explicitly listed as an example, Your Honor.
16           THE COURT: Thank you. And that objection is also
17 overruled, for the reason that expressing support, depending
18 on the way in which that support is expressed, or the extent
19 to which that support is pushed, or whether or not that
20 support crosses the line into being advice, may make the
21 expression of support count as an official act.
22      And the Court is concerned that trying to add all of the
23 qualifiers about when expressing support is or is not an
24 official act, would make the jury instruction unwieldy.
25      Okay. Other objections?

1       MR. SCHUETT:  Not to Counts 1 and 2.
2    Thank you, Your Honor.
3       THE COURT:  Thank you.  Count 3 and Count 5?
4       MS. GLATFELTER:  No objection from the government.
5       MR. SCHUETT:  No objection, Your Honor.
6       THE COURT:  Count 4 and Count 6?
7       MS. GLATFELTER:  No objection from the government.
8       MR. SCHUETT:  To make the record clear, there are
9    objections from the defense, Your Honor.
10      One is at page 37, It is C as in cat, 3.  We would ask
11   that that section read, It is not a defense to bribery that
12   the public official would have done the official act anyway,
13   even without the receipt of the property.  But you may wish to
14   consider such evidence in deciding whether the public official
15   intended to enter an explicit quid pro quo.
16      THE COURT:  Thank you. And I believe that the
17   language that is there, which mirrors the language on page 24,
18   that at the same time you may but are not required to consider
19   whether a public official... and then it goes on from there.
20      I believe it conveys the same thought, so for purposes of
21   uniformity, I'm going to keep it expressed the same way on
22   page 24 and on this page.
23      And I understand it could have been done maybe the way
24   you were suggesting in both of those spots as well, but the
25   Court is going to overrule the objection and go with the

1  formulation that I think captures largely the same idea that
2  is currently included at page 37.
3          MR. SCHUETT:  Thank you, Your Honor.  And the second
4  objection is on page 38, and what is marked as Roman
5  Numeral II.
6      Again, this is an expression of what would count as an
7  official act, and we would ask that explicitly expressing
8  support to be included, like we did in Counts 1 and 2.
9          THE COURT:  Thank you.  And just for clarity in the
10 record, and just so, you know, with the language that we've
11 added to C3 that we just discussed, the language that you're
12 referencing, which is D sub 2, is now at the top of page 39 in
13 the document, as will appear on the docket.
14     And I think you may have referenced it as being 2 under
15 B.  Maybe not, but it's D double small i that talks about
16 under this definition some acts do not count as official acts.
17 That's the paragraph to which you just made that objection,
18 Mr. Schuett?
19         MR. SCHUETT:  That is correct, Your Honor.
20         THE COURT:  Okay.  And for the same reason I denied
21 that objection in the previous spot in which that same
22 language appeared, I'm going to deny that objection here as
23 well.
24         MR. SCHUETT:  No further objections to Counts 4
25 and 6, Your Honor.

1                THE COURT: Thank you.  Campaign contributions as
2      bribe/defendant not charged with campaign finance law
3      violations?
4                MS. GLATFELTER: No objection from the government.
5                MR. SCHUETT: No objection, Your Honor.
6                THE COURT: On or about?
7                MS. GLATFELTER: No objection.
8                MR. SCHUETT: No objection.
9                THE COURT: Use of the word "and" in the indictment,
10     did we agree that should be removed?
11               MS. GLATFELTER: Yes, Your Honor.
12               MR. SCHUETT: There is no objection to its removal.
13               THE COURT: Inferring required mental state?
14               MS. GLATFELTER: No objection.
15               MR. SCHUETT: No objection.
16               THE COURT: Defendant's testimony?
17               MS. GLATFELTER: No objection.
18               MR. SCHUETT: No objection.
19               THE COURT: Where did we end up on witness testifying
20     to both facts and opinion?
21               MS. GLATFELTER: The government supports this
22     instruction with the modification that is already included on
23     page 15.
24               THE COURT: Where we talk about the witness's
25     experiences?

1       MS. GLATFELTER: Yes, Your Honor.
2       THE COURT: Okay. Mr. Schuett?
3       MR. SCHUETT: There is no objection based on that.
4  There's no objections with the modifications or experiences,
5  Your Honor.
6       THE COURT: Thank you. Testimony of a witness under
7  reduced criminal liability?
8       MS. GLATFELTER: No objection from the government.
9       MR. SCHUETT: No objections, Your Honor.
10      THE COURT: Secondary evidence summaries admitted
11 into evidence?
12      MS. GLATFELTER: No objection.
13      MR. SCHUETT: No objection.
14      THE COURT: Other acts of the defendant?
15      MS. GLATFELTER: The government believes that this
16 instruction should be included, Your Honor.
17      MR. SCHUETT: Your Honor, we would object to its
18 inclusion with -- for the contingency that if the government
19 were to present through rebuttal evidence where they have
20 labeled as for or the witnesses, we would want to include it.
21 But absence that occurrence, we do not want it to be included,
22 Your Honor.
23      THE COURT: So just to be clear, on the record, of
24 the evidence that the government has presented to date in its
25 case in chief, you believe this should not be included, but if

1  some of the evidence that the government has previously
2  identified as 404(b) evidence were put on in rebuttal, you
3  would believe this should be included?
4        MR. SCHUETT:  That is correct, Your Honor.
5        THE COURT:  And I'm going to overrule the first part
6  of that objection, in that I believe that there is evidence on
7  the record already about other acts of the defendant in the
8  government's case in chief.
9     In particular, in reference to some of the things to
10 which Mr. Ndukwe and Mr. Kamrass testified that could be
11 construed as other wrongful acts by the defendant.
12    And so I believe that this instruction should be given,
13 independent of whether the government puts on additional
14 rebuttal evidence or not.
15    Stipulations?
16       MS. GLATFELTER:  No objection, Your Honor.
17       MR. SCHUETT:  No objection.
18       THE COURT:  Redactions?
19       MS. GLATFELTER:  No objection.
20       MR. SCHUETT:  No objection.
21       THE COURT:  Instructions for beginning deliberations?
22       MS. GLATFELTER:  No objection.
23       MR. SCHUETT:  No objection.
24       THE COURT:  Experiments, research, investigations,
25 and outside communications?

1     MS. GLATFELTER:  No objection.
2     MR. SCHUETT:  No objection.
3     THE COURT:  Unanimous verdict?
4     MS. GLATFELTER:  No objection.
5     MR. SCHUETT:  No objection.
6     THE COURT:  Duty to deliberate?
7     MS. GLATFELTER:  No objection.
8     MR. SCHUETT:  No objection.
9     THE COURT:  Punishment?
10    MS. GLATFELTER:  No objection.
11    MR. SCHUETT:  No objection.
12    THE COURT:  Verdict form?
13    MS. GLATFELTER:  No objection.
14    MR. SCHUETT:  No objection.
15    THE COURT:  Court has no opinion?
16    MS. GLATFELTER:  No objection.
17    MR. SCHUETT:  No objection.
18    THE COURT:  Juror notes?
19    MS. GLATFELTER:  No objection.
20    MR. SCHUETT:  No objection.
21    THE COURT:  Written instructions?
22    MS. GLATFELTER:  No objection.
23    MR. SCHUETT:  No objection.
24    THE COURT:  Very good.  Anything else we need to
25    discuss on the record with regard to jury instructions?

1        MS. GLATFELTER: Not from the government, Your Honor.

2        MR. SCHUETT: Nothing further from the defense, Your

3   Honor.

4        THE COURT: All right. We can go off the record,

5   Sue.

6            (Proceedings adjourned at 12:06 p.m.)

7

8                          - - -

9                    C E R T I F I C A T E

10                         - - -

11      I, M. SUE LOPREATO, RMR, CRR, certify that the foregoing
    is a correct transcript from the record of proceedings in the
12  above-entitled matter.

13

14  /s/ M. Sue Lopreato                    September 30, 2022
    M. SUE LOPREATO, RMR, CRR
15  Official Court Reporter