UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALEXANDER SITTENFELD,
a/k/a "P.G. Sittenfeld,"

    Defendant.

Case No. 1:20-cr-142
JUDGE DOUGLAS R. COLE

## CONSENT ORDER OF FORFEITURE

The Court has reviewed the evidence in the record, including the Forfeiture Agreement set forth below, and HEREBY FINDS THAT:

On November 18, 2020, a grand jury in the Southern District of Ohio returned a six-count Indictment charging defendant Alexander Sittenfeld, a/k/a "P.G. Sittenfeld", in Count 3 with Bribery Concerning Programs Receiving Federal Funds, in violation of 18 U.S.C. § 666(a)(1)(B), and in Count 4 with Attempted Extortion under Color of Official Right, in violation of 18 U.S.C. § 1951(a) and (b)(2). (Doc. 3). Counts 3 and 4 alleged that the defendant agreed to accept $20,000 in bribe payments, which the defendant received on December 17, 2018. (*Id.* at # 34, 41–42).

A forfeiture allegation in the Indictment provided notice to the defendant that the United States would seek the forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), of any property, real or personal, which constitutes or is derived from proceeds traceable to the violations including, but not limited to, a sum of money up to $40,000. (*Id.* at # 44).

On July 8, 2022, a jury returned verdicts finding the defendant guilty on Counts 3 and 4 of the Indictment. (Doc. 207).

On September 19, 2023, the Court entered a Preliminary Order of Forfeiture (Doc. 291) finding the defendant personally liable for a forfeiture money judgment in the amount of $20,000, which the Parties have agreed should be vacated.

In lieu of a personal money judgment against the defendant, the Parties have agreed that the defendant shall forfeit all his right, title, and interest in $20,000 of the contents of Fifth Third Bank, account number ending in 5217, in the name of Progress & Growth PAC, which the defendant voluntarily has delivered to the Federal Bureau of Investigation in the form of a check made payable to the U.S. Marshals Service (the "subject property").

The subject property is forfeitable, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as property which constitutes or is derived from proceeds traceable to the violations charged in Counts 3 and 4 of the Indictment. The defendant had an interest in the subject property. The United States has established the requisite nexus between the subject property and the violations of which a jury has found the defendant guilty.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. All right, title, and interest in the subject property is condemned and forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. The United States is authorized to seize the subject property, pursuant

to 21 U.S.C. § 853(g) and Fed. R. Crim. P. 32.2(b)(3), and to commence proceedings that comply with any statutes governing third party rights.

3. In accordance with the direction provided by the Attorney General and Fed. R. Crim. P. 32.2(b)(6), the United States shall publish notice of this Order and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. Publication must take place as described in Supplemental Rule G(4)(a)(iii) of the Federal Rules of Civil Procedure and may be by any means described in Supplemental Rule G(4)(a)(iv). Publication is unnecessary if any exception in Supplemental Rule G(4)(a)(i) applies.

4. The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. The notice may be sent in accordance with Supplemental Rules G(4)(b)(iii)-(v).

5. Pursuant to 21 U.S.C. § 853(n)(2), any person, other than the defendant, asserting a legal interest in the subject property, who wishes to contest the forfeiture of the property must, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier, file a petition in the United States District Court for the Southern District of Ohio for a hearing to adjudicate the validity of the alleged legal interest in the subject property.

6. Any petition filed by a third party shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right,

title, or interest in the property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; any additional facts supporting the petitioner's claim; and the relief sought.

7. The United States shall have clear title to the subject property following the Court's disposition of all third party interests, or if no third party petitions are timely filed, following the expiration of the period provided by statute for the filing of third party petitions.

8. The Preliminary Order of Forfeiture (Doc. 291) is vacated by this Order in accordance with the Forfeiture Agreement, which is incorporated herein.

9. This Consent Order of Forfeiture is final as to the defendant and shall be made part of his sentence and included in an amended judgment. This Order remains preliminary as to third parties until the ancillary proceeding is concluded.

**SO ORDERED.**

10/18/23
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

## FORFEITURE AGREEMENT

The United States of America ("United States") and the defendant, Alexander Sittenfeld (together "the Parties"), by their undersigned counsel, HEREBY STIPULATE AND AGREE that:

1. As described in Counts 3 and 4 of the Indictment, undercover FBI agents gave the defendant four checks totaling $20,000, which were deposited into Fifth Third Bank, account number ending in 5217, in the name of Progress & Growth PAC ("PAC").

2. The defendant voluntarily has delivered $20,000 of the contents of Fifth Third Bank, account number ending in 5217, in the name of Progress & Growth PAC to the Federal Bureau of Investigation in the form of a check made payable to the U.S. Marshals Service (the "subject property").

3. As defined in 18 U.S.C. § 981(a)(1)(C), the subject property constitutes or is derived from proceeds traceable to the violations charged in Counts 3 and 4 of the Indictment.

4. Because a jury found the defendant guilty of Counts 3 and 4 of the Indictment, the subject property is forfeitable to the United States under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

5. The defendant consents to the forfeiture of all his right, title, and interest in the subject property to the United States.

6. The Parties request that the Court vacate the Preliminary Order of Forfeiture (Doc. 291) and enter this Consent Order of Forfeiture in the record as part

of the defendant's sentence pursuant to Fed. R. Crim. P. 32.2(b)(4).

7. The United States agrees that when this Consent Order of Forfeiture is entered by the Court and the Preliminary Order of Forfeiture (Doc. 291) is vacated, the defendant shall be relieved of any personal money judgment of forfeiture in this case, and the United States will not pursue the forfeiture of any other property of the defendant or the PAC.

8. The defendant waives the requirements of Fed. R. Crim. P. 32.2 regarding notice of forfeiture in the charging instrument, the jury's determination of the forfeitability of the subject property, announcement of the forfeiture in his presence at sentencing, and incorporation of the forfeiture in his judgment.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

Dated: 10/18/2023

MATTHEW C. SINGER (IL 6297632)
EMILY N. GLATFELTER (0075576)
MEGAN GAFFNEY PAINTER (NY 4849220)
Assistant United States Attorneys
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
Office: (513) 684-3711
Email: Matthew.Singer @usdoj.gov
Email: Emily.Glatfelter @usdoj.gov
Email: Megan.Painter @usdoj.gov

**SIGNATURES CONTINUED ON PAGE 7**

Dated: 10-17-23

*Alexander P.D. Sittenfeld*
ALEXANDER SITTENFELD
Defendant

Dated: 10/17/23

*Neal D. Schuett*
CHARLES M. RITTGERS (0086567)
CHARLES H. RITTGERS (0003020)
NEAL D. SCHUETT (0086034)
Rittgers Rittgers &Nakajima
12 East Warren Street
Lebanon, Ohio 45036
Office: (513) 932-2115
Email: rittgerscm@rittgers.com
Email: edwardsk@rittgers.com
Email: neal@rittgers.com
Counsel for the Defendant

The Progress & Growth PAC, by its authorized representative, Alexander Sittenfeld, does not object to the forfeiture of the subject property and relinquishes all right, title, and interest the PAC may have in the subject property. In addition, the PAC waives direct written notice of the forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n).

PROGRESS & GROWTH PAC

Dated: 10-17-23   By: *Alexander P.D. Sittenfeld*
ALEXANDER SITTENFELD
Authorized Representative