# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  | 100 EAST FIFTH STREET, ROOM 540 |  |
|---|---|---|
| Kelly L. Stephens | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: July 02, 2026

Mr. Muhammad Vito Arethusa
77 H Street, N.W.
Apartment 210
Washington, DC 20001

Ms. Emily Noel Glatfelter
Office of the U.S. Attorney
Southern District of Ohio
221 E. Fourth Street
Suite 400
Cincinnati, OH 45202

Mr. Justin E. Herdman
Jones Day
901 Lakeside Avenue, E.
Cleveland, OH 44114

Ms. Jennie Hitchcock
Steptoe
1330 Connecticut Avenue, N.W.
Washington, DC 20036

Mr. Thomas Hopson
Jones Day
51 Louisiana Avenue, N.W.
Washington, DC 20001

Mr. Lawrence B. Hughes
Porter, Wright, Morris & Arthur
41 S. High Street
Suite 2800-3200
Columbus, OH 43215

Mr. Patrick F. Linehan
Mr. Joshua H. Runyan
Mr. Nicholas P. Silverman
Steptoe
1330 Connecticut Avenue, N.W.
Washington, DC 20036

Mr. Joseph O. Masterman
Cooper Masterman
1717 Pennsylvania Avenue, N.W., Suite 1025
Washington, DC 20006

Mr. John S. Moran
McGuireWoods
888 16th Street, N.W., Suite 500
Washington, DC 20006

Mr. David A. O'Neil
Debevoise & Plimpton
801 Pennsylvania Avenue, N.W., Suite 500
Washington, DC 20004

Ms. Megan Gaffney Painter
Office of the U.S. Attorney
Southern District of Ohio
221 E. Fourth Street, Suite 400
Cincinnati, OH 45202

Mr. James Robert Saywell
Jones Day
901 Lakeside Avenue, E.
Cleveland, OH 44114

Mr. Matthew Singer
Office of the U.S. Attorney
Southern District of Ohio
221 E. Fourth Street, Suite 400
Cincinnati, OH 45202

Mr. Charles Speth
Wilmer Cutler Pickering Hale & Dorr
7 World Trade Center
250 Greenwich Street
New York, NY 10007

Mr. Steven Garrett Tegrar
Debevoise & Plimpton
66 Hudson Boulevard
New York, NY 10001

Ms. Alexis J. Zouhary
Office of the U.S. Attorney
Southern District of Ohio
221 E. Fourth Street
Suite 400
Cincinnati, OH 45202

     Re:  Case No. 23-3840, *USA v. Alexander Sittenfeld*
          Originating Case No. 1:20-cr-00142-1

Dear Counsel,

   The Court issued the enclosed Order today in this case.

                       Sincerely yours,

                       s/Kelly Stephens
                       Appeal Case Manager: Virginia
                       Direct Dial No. 513-564-7062

Enclosure

<u>**NOT RECOMMENDED FOR PUBLICATION**</u>

No. 23-3840

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

┌─────────────────────────────┐
│ **FILED**                   │
│ Jul 02, 2026                │
│ KELLY L. STEPHENS, Clerk    │
└─────────────────────────────┘

UNITED STATES OF AMERICA,        )
                                 )
    Plaintiff-Appellee,          )
                                 )
                                 )  ON APPEAL FROM THE UNITED
v.                               )  STATES DISTRICT COURT FOR
                                 )  THE SOUTHERN DISTRICT OF
                                 )  OHIO
ALEXANDER SITTENFELD aka P.G. Sittenfeld,   )
                                 )
    Defendant-Appellant.         )
                                 )

O R D E R

Before:  BUSH, NALBANDIAN, and MURPHY, Circuit Judges.

The court delivered an order.  BUSH, J. (pp. 3–6), delivered a separate dissenting opinion.

The Supreme Court granted Defendant P.G. Sittenfeld's petition for a writ of certiorari, vacated our judgment in *United States v. Sittenfeld*, 128 F.4th 752 (6th Cir. 2025), and remanded for further consideration of the government's motion to dismiss the indictment pending before the district court.  *Sittenfeld v. United States*, 607 U.S. ___, No. 25-49, 2026 WL 922550, at *1 (Apr. 6, 2026) (mem.).  Because the district court is in the best position to consider the government's motion in the first instance,[1] we **VACATE** the district court's judgment of conviction and

---

[1] The dissent urges us to decide the government's motion to dismiss on our own initiative.  It contends that we should dismiss Sittenfeld's indictment as moot because the "Supreme Court told us to reconsider our decision based on President Trump's pardon of P.G. Sittenfeld."  Dissent, p.1.  The dissent also reads the Supreme Court's order to "require[] that we, not the district court, decide the pardon's effect in the first instance."  *Id.*  If that's true, the Court went about it in an odd way.

The Court's order says that it is remanding to us "for further consideration in light of the pending motion to dismiss the indictment," with no specificity.  *Sittenfeld*, 2026 WL 922550, at *1.  The Court's order makes no mention of Sittenfeld's pardon nor does it suggest that we should "reconsider" our merits decision.  To be fair, the government's motion to dismiss the indictment was based on Sittenfeld's pardon.  But that motion is pending in front of the district court, not us.  So the district court should evaluate it.

The dissent also ignores Sittenfeld's own argument that the pardon didn't moot his claims because of the unrefunded fines he paid.  So he apparently thought that his case would not be moot until he got the money back.  Whether he can

No. 23-3840

**REMAND** for the district court to rule on the motion to dismiss and conduct any proceedings necessary to that end.  28 U.S.C. § 2106.

---

get that money back, has gotten that money back, or whether that matters, is something that ought to be resolved in the district court in the first instance in light of both the Court's order and the pending motion to dismiss.

No. 23-3840

**JOHN K. BUSH, Circuit Judge, dissenting.**  The Supreme Court told us to reconsider our decision based on President Trump's pardon of P.G. Sittenfeld.  This directive requires that we, not the district court, decide the pardon's effect in the first instance.  I believe we should issue an order vacating Sittenfeld's conviction and remanding with instructions to dismiss the case as moot.  I therefore respectfully dissent.

Early last year, this court affirmed Sittenfeld's convictions for Hobbs Act extortion and federal-program bribery over my dissent.  *See United States v. Sittenfeld*, 128 F.4th 752 (6th Cir. 2025).  I explained that "[t]he evidence, viewed in whole, fell short of the minimum required" for a conviction and that the Government punished Sittenfeld for "an otherwise lawful and constitutionally protected campaign contribution" based on a "single, ambiguous line" in a long series of conversations where Sittenfeld repeatedly implored donors to submit their campaign contributions legally.  *Id.* at 796 (Bush, J., dissenting).

Then, the President granted Sittenfeld "A Full and Unconditional Pardon" for the offenses prosecuted in this case.  R. 318, MTD, PageID 7893.  After the pardon, the Government opposed Sittenfeld's petition for certiorari, explaining that any "challenges to his convictions are now moot" and that the Supreme Court should vacate our judgment "and remand the case to the district court so it can grant the [G]overnment's motion" to dismiss the indictment.  Br. in Opp. to Pet. for Cert. at 3–4, *Sittenfeld v. United States*, No. 25-49 (U.S.).  The Supreme Court did vacate our judgment, but it "remanded" the case "to the United States Court of Appeals for the Sixth Circuit"—with no mention of the district court—"for further consideration in light of the pending motion to dismiss the indictment." *Sittenfeld v. United States*, No. 25-49, 2026 WL 922550, at *1 (U.S. Apr. 6, 2026).  After giving the case that further consideration in light of the motion to dismiss, the next step is clear: we should vacate the conviction and put an end to this case.

- 3 -

No. 23-3840

If the President pardons a defendant while his prosecution is pending, and the defendant's guilt is "never actually put to rest," the pardon moots the prosecution. *United States v. Schaffer*, 240 F.3d 35, 38 (D.C. Cir. 2001) (en banc) (per curiam).  Although accepting a pardon is normally an implicit admission of guilt, *see, e.g.*, *Burdick v. United States*, 236 U.S. 79, 94 (1915), that rule does not apply where, as here, the validity of a conviction is still subject to appellate review and the pardon does not speak to the defendant's guilt, *see Schaffer*, 240 F.3d at 38.  Here, the President's pardon does not address whether Sittenfeld was factually guilty, and Sittenfeld had not yet exhausted his right to seek review of his convictions from the Supreme Court when he was pardoned.  Because this case never reached its end, the pardon mooted the prosecution.

When a pardon moots a defendant's prosecution while his case is on appeal before our court, the appropriate remedy is for us to vacate the conviction and remand with instructions to dismiss the case as moot.  *See United States v. Vaughn*, No. 24-5615, 2025 WL 748309, at *1 (6th Cir. Mar. 5, 2025); *Schaffer*, 240 F.3d at 38.  That is what we should have done here.

The Supreme Court's remand order tells "the United States Court of Appeals for the Sixth Circuit"—i.e., *us*—to reconsider our decision "in light of the pending motion to dismiss the indictment." *Sittenfeld*, 2026 WL 922550, at *1.  That order cannot be read as asking us to remand the case to the district court for a determination on the Government's motion.  The Government explicitly asked the Supreme Court to remand the case to the district court to decide the motion, Br. in Opp to Pet. for Cert. at 3–4, *Sittenfeld v. United States*, No. 25-49 (U.S.), but the Supreme Court instead remanded that task to us.

When the Supreme Court wants to bypass the court of appeals and send a case back for further review in the district court, it will say so in no uncertain terms—in fact, the Court did exactly that in another case on the same day it remanded this case to us.  *See, e.g.*, *FBI v. Fazaga*,

- 4 -

No. 25-430, 2026 WL 922539 (U.S. Apr. 6, 2026) ("Judgment vacated, and case remanded to the United States Court of Appeals for the Ninth Circuit with the instruction to remand the case to the district court for reconsideration . . . ."). But the Court used no such language in our case.

The majority suggests that "the district court is in the best position to consider the [G]overment's motion" to dismiss "in the first instance." Majority at 1. But whether vacatur is appropriate when a prosecution becomes moot on appeal is a pure question of law that district courts virtually never answer.[1] And there is clear, on-point precedent telling us what to do in a case like this. *See Vaughn*, 2025 WL 748309, at *1; *Schaffer*, 240 F.3d at 38.

We should not needlessly prolong Sittenfeld's attempt to vindicate his rights. As it was, Sittenfeld's prosecution and conviction stood on weak constitutional foundations because it threatened his First Amendment rights. *See Sittenfeld*, 128 F.4th at 806–09 (Bush, J., dissenting); *see also Nat'l Republican Senatorial Comm. v. FEC*, No. 24-621, 2026 WL 1868932, at *4 (U.S. June 30, 2026) (recognizing that campaign contributions are protected speech). Now, because the district court is powerless to act on the motion to dismiss until after we issue our mandate, *see United States v. Brown*, 17 F. App'x 367, 368–69 (6th Cir. 2001), Sittenfeld must wait up to seven weeks before the district court even has the power to dismiss the case, *see* Fed. R. App. P. 40(d)(1)(A), 41(b)—and up to five more before the motion will be ripe for review, *see* S.D. Ohio Local Rule 7.2(2). The First Amendment strongly counsels against prolonging a case like this. *See Nat'l Socialist Party of Am. v. Vill. of Skokie*, 432 U.S. 43, 44 (1977) (per curiam) (holding that the First Amendment requires courts to expeditiously resolve cases implicating free-speech rights).

---

[1] It does not matter that Sittenfeld argued in his petition for certiorari that the outstanding fine meant that the pardon did not moot the case. *Contra* Majority at 1 n.1. The parties cannot stipulate to our having subject matter jurisdiction, so his argument does not change the calculus. *See, e.g., Alongi v. Ford Motor Co.*, 386 F.3d 716, 728 (6th Cir. 2004).

No. 23-3840

This prosecution should have been over and done with yesterday.  Because the majority allows it to continue, I respectfully dissent.

ENTERED BY ORDER OF THE COURT

_____
Kelly L. Stephens, Clerk

- 6 -