**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><div align="right">*Plaintiff*,</div><br>v.<br><br>ALEXANDER SITTENFELD,<br> a/k/a "P.G. Sittenfeld,"<br><div align="right">*Defendant*.</div> | Case No. 20-cr-142<br><br>Hon. Douglas R. Cole |

**RESPONSE BY ALEXANDER SITTENFELD TO THE UNITED STATES'
MOTION TO DISMISS THE INDICTMENT WITH PREJUDICE**

Alexander "P.G." Sittenfeld, by and through undersigned counsel, respectfully requests that this Court grant the Government's motion to dismiss its indictment with prejudice (Doc. 318). Since the Government filed that motion, the Supreme Court granted Mr. Sittenfeld's petition for certiorari, vacated the judgment that had upheld Mr. Sittenfeld's conviction, and remanded to the Sixth Circuit for further proceedings. *See Sittenfeld v. United States*, 146 S. Ct. 2163 (2026).  From there, the Sixth Circuit "vacate[d]" Mr. Sittenfeld's judgment of conviction and remanded for this Court "to rule on the motion to dismiss and conduct any proceedings necessary to that end."  Order, *United States v. Sittenfeld*, No. 23-3840 (6th Cir. July 2, 2026) (capitalization standardized). Because the Sixth Circuit vacated Mr. Sittenfeld's conviction, this Court need not—and cannot— take any action with respect to that now-vacated judgment.  Instead, the only remaining issues in this case are whether to (i) grant the Government's unopposed motion to dismiss the indictment; and (ii) order the Government to return the $40,000 criminal fine that Mr. Sittenfeld paid based on his now-vacated conviction, *see id.* (recognizing that this issue "ought to be resolved in the district court in the first instance").

1

Consistent with the decisions of both the Supreme Court and the Sixth Circuit, this Court should grant the Government's motion to dismiss the indictment "with prejudice," Govt.'s Mot. to Dismiss at 1 (Nov. 10, 2025), Doc. 318.  From there, as part of its grant of dismissal, the Court should order the Government to return to Mr. Sittenfeld the $40,000 criminal fine.  Indeed, the Government has already agreed to exactly this refund.  In its response brief before the Supreme Court, the Government took the position:  "[I]f the President grants a defendant a full pardon while his case is still on direct review, the defendant is entitled to the return of any fines that he has paid (either automatically or following a ministerial vacatur of the district court's order requiring payment of those penalties)."  Brief for the Respondent at 5, *Sittenfeld v. United States*, No. 25-49 (U.S. Nov. 10, 2025).  Upon receiving that response, counsel for Mr. Sittenfeld sought clarification of the Government's position regarding his entitlement to a refund.  The Government responded that it would not provide a refund until Mr. Sittenfeld's conviction is vacated or the judiciary otherwise authorizes a refund.  *See* Reply Brief for Petitioner at 4–5, *Sittenfeld v. United States*, No. 25-49 (U.S. Nov. 24, 2025) (describing this exchange).  But although the Sixth Circuit vacated Mr. Sittenfeld's conviction on July 2, 2026, the Government has yet to provide the promised refund.  This Court should now order that relief.

## CONCLUSION

For these reasons, this Court should grant the Government's motion to dismiss the indictment with prejudice and order the Government to refund to Mr. Sittenfeld the $40,000 value of his now-vacated criminal fine.

Dated:  August 5, 2026

Respectfully submitted,

*/s/ James R. Saywell*

Justin E. Herdman (admitted *pro hac vice*)
James R. Saywell (92174)
JONES DAY
901 Lakeside Avenue
Cleveland, OH 44114
Tel:  (216) 586-7108
Email: jsaywell@jonesday.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of August, 2026, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties indicated on the electronic filing receipt.

/s/ *James R. Saywell*
James R. Saywell