**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**ALEXANDER SITTENFELD,**

**Defendant.**

**Case No. 1:20-cr-142**

**JUDGE DOUGLAS R. COLE**

**OPINION AND ORDER**

In what should prove to be the last chapter of this long-running saga, the government has moved under Federal Rule of Criminal Procedure 48(a) to dismiss the indictment against Defendant Alexander "P.G." Sittenfeld in this matter with prejudice. (Doc. 318). Although a jury previously convicted Sittenfeld on two of the charges in that indictment, the President has since pardoned him while his direct appeal was ongoing. And in light of that pardon, the Supreme Court granted Sittenfeld's petition for certiorari, vacated the Sixth Circuit's decision affirming the conviction, and remanded. The Sixth Circuit, for its part, then vacated the conviction and remanded the matter for this Court to consider the above-mentioned motion to dismiss. Now, for the reasons briefly explained below, the Court finds that motion well taken, and thus **GRANTS** the motion to dismiss the indictment with prejudice. Consistent with that, the Court also **ORDERS** the Clerk's Office to return the $40,000 fine that Sittenfeld paid as part of his sentence, along with the $200 special assessment.

## BACKGROUND

The Court will not belabor the facts, as this Court (and the Sixth Circuit) have exhaustively recounted them in earlier opinions. (*See, e.g.,* Docs. 190, 314). Suffice to say that the case began when the government indicted Sittenfeld, a former Cincinnati City Council member, on six public corruption charges in connection with certain campaign contributions that Sittenfeld received. (Indictment, Doc. 3). A jury found Sittenfeld guilty on two of those six counts. (Am. J., Doc. 307). This Court then denied Sittenfeld's post-trial motion for acquittal, but noted that, at least as to some of his arguments, it was a close call. (Doc. 283). Campaign contributions, after all, are suffused with First Amendment values, and the evidence relating to Sittenfeld's intent, when measured against that backdrop, was ambiguous. (*Id.* at #7144–46). But the Court concluded that, under existing case law, such ambiguity was a matter for the jury. (*Id.* at #7140). After rejecting the motion for acquittal, the Court then sentenced Sittenfeld to a sixteen-month term of imprisonment, a $40,000 fine, and $200 in special assessments ($100/count of conviction). (Am. J., Doc. 307).[1]

On appeal, a divided panel of the Sixth Circuit affirmed the conviction. (Doc. 314). It noted that, while the lines between "legitimate campaign donations and illegitimate bribes" may be blurry, "Congress and the Court have entrusted juries with discerning between" the two, and the majority concluded that "[w]e must respect that line even in hard cases." (*Id.* at #7704). A concurrence agreed with that result but observed that, given the First Amendment concerns, the Supreme Court may

---

[1] Approximately four months after Sittenfeld began his term of incarceration, the Sixth Circuit granted his renewed motion for release pending appeal. (*See* Doc. 313).

wish to clarify the rules in this murky area of the law. (*Id.* at #7741–54). The dissent, meanwhile, suggested that the ambiguous evidence of a quid pro quo did not suffice, and that there was no need to await further Supreme Court guidance to overturn the conviction here. (*Id.* at #7755–73).

A few months later, on May 28, 2025, the President issued an "Executive Grant of Clemency." (Doc. 316). There, the President declared he was granting Sittenfeld a "full and unconditional pardon" as to all "offenses against the United States individually enumerated" in this criminal action. (*Id.*). The parties entered the pardon on the docket in this matter on June 11, 2025. (*Id.*).

About a month later, and pardon notwithstanding, Sittenfeld petitioned for a writ of certiorari in the United States Supreme Court seeking review of the Sixth Circuit's decision affirming his conviction. (*See* Doc. 317). While that petition was pending, on November 10, 2025, the government filed a one-page motion to dismiss the indictment in this Court. (Doc. 318). There, it "cite[d] the … full and unconditional pardon granted to Sittenfeld as the reason for this dismissal." (*Id.* at #7891 (citations omitted)). This Court did not consider the motion at that time, however, as it lacked jurisdiction to do so in light of the ongoing Supreme Court appeal.

On April 6, 2026, the Supreme Court granted the petition for certiorari, vacated the judgment, and remanded to the Sixth Circuit "for further consideration in light of the pending motion to dismiss the indictment." (*See* Doc. 322, #7902). On July 2, 2026, the Sixth Circuit responded with a short order in which it "vacate[d] the district court's judgment of conviction and remand[ed] for the district court to rule on

the motion to dismiss and conduct any proceedings necessary to that end." (Doc. 324, #7909–10 (emphasis omitted)).

With the matter now returned to this Court, Sittenfeld responded to the motion to dismiss. (Doc. 327). There, he (perhaps not surprisingly) agreed that the Court should dismiss the indictment with prejudice. (*Id.* at #7924). But he also sought an order requiring the government to return the fine he had paid as part of his sentence. (*Id.*). At a telephonic hearing on the motion, the government conceded that an order to return the funds would be appropriate if the Court were to dismiss the indictment. (*See* 8/14/26 Min. Entry). With that, the motion is ripe.

## LAW AND ANALYSIS

While the government has asked the Court to dismiss the indictment with prejudice, it provides little explanation as to the framework the Court should use in assessing that request. But the rule on which the government relies—Federal Rule of Criminal Procedure 48(a)—suggests that the Court may have at least *some* role to play. It provides that "[t]he government may, *with leave of court*, dismiss an indictment …." (Emphasis added). Having investigated the matter more fully on its own, though, the Court concludes both that (1) its role in reviewing the government's request is extremely limited, and that (2) dismissal is appropriate on the facts here. Accordingly, it grants leave to dismiss. Moreover, with the indictment dismissed, the Court further concludes that the government must return the fine Sittenfeld paid.

As a general matter, the decision of whether "to maintain a prosecution is exclusively within the discretion of the executive branch of government." *United*

*States v. Valle*, 697 F.2d 152, 154 (6th Cir. 1983) (citations omitted). As a result, notwithstanding Rule 48(a)'s mention of "leave of court," "the trial court has little discretion in considering a government motion to dismiss made pursuant to [that rule]." *United States v. Alvarado-Velasquez*, 322 F. Supp. 3d 857, 895 (M.D. Tenn. 2018) (quoting *United States v. Smith*, 55 F.3d 157, 159 (4th Cir. 1995)).

Indeed, the Supreme Court has identified only two reasons that a court may decline to grant such a motion. First, "[t]he principal object of the 'leave of court' requirement is apparently to protect a defendant against prosecutorial harassment, *e. g.*, charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection." *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977) (citations omitted). Second, a court may deny such a motion if it was "prompted by considerations clearly contrary to the public interest." *Id.* (citations omitted). But, as to the latter, the Supreme Court has suggested that courts should not presume bad faith on the part of the government; rather it is only if the record shows that the prosecutor's decision was "tainted with impropriety" that the court may act on this basis. *Id*. at 29–30.

Neither ground supports the Court intervening here. The first—the "principal object" of the leave-of-court requirement—plays no role, as Sittenfeld does not object to the dismissal. *Id.* at 29 n.15. And as for the second, nothing in the record here remotely suggests that the government's decision to dismiss was "tainted with impropriety." *Id.* at 30. After all, the Constitution grants the President the unconditional power to pardon persons as he deems fit. U.S. Const. art. II, § 2, cl. 1.

And the President may exercise that power "either before legal proceedings are taken, or during their pendency, or after conviction and judgment." *Ex parte Garland*, 71 U.S. 333, 380 (1866). Here, the President has elected to do just that, pardoning Sittenfeld while his appeal was underway. In short, as things stand, the Sixth Circuit has vacated the conviction, (Doc. 324), and the pardon means that the government could not reinstate prosecution even if it were so inclined. As a result, the Court sees no impropriety in the government's wish to formally dismiss the indictment.

But that still leaves the separate question of the fine that Sittenfeld already paid as part of his sentence. As noted above, the government omitted to mention that topic in its motion. During the hearing, though, it agreed with Sittenfeld that a return of the funds is warranted, and, in response to the Court's inquiry as to why that was the case, it directed the Court to the government's brief responding to the petition for certiorari. There, the government explains that, at least when a pardon occurs before a conviction becomes final—i.e., while the conviction is pending on direct appeal—a return of previously paid fines is mandatory. *See* Br. for Resp. at 5, *United States v. Sittenfeld* (No. 25-49). True, as the government also noted, if the pardon had occurred *after* the conviction was final, things may be different. *Id.* (citing *Knote v. United States*, 95 U.S. 149, 154 (1877)). In such cases, the Appropriations Clause, U.S. Const. art. I, § 9, cl. 7, may have something to say about the matter. But here, where the conviction was not yet final, meaning that the monies that Sittenfeld paid had not yet fully vested in the Treasury, the government says those concerns do not apply. *Id.* The Court agrees.

First principles support that outcome as well. As noted, the Sixth Circuit vacated the prior conviction, meaning that conviction has no operative effect. (*See* Doc. 324). And the government's dismissal of the indictment, which the Court approved above, means that there are no prospects that the fine could be reinstated. Accordingly, as the government concedes, the Clerk's Office (which is the entity to which Sittenfeld wrote the check) is holding money that properly belongs to him. So, in addition to granting the government's motion to dismiss the indictment with prejudice, the Court orders the Clerk's Office to return the money that Sittenfeld paid as a fine. Moreover, Sittenfeld also paid a $200 special assessment as part of his sentence, (Doc. 307, #7530), which the Court likewise orders the Clerk's Office to return.

## CONCLUSION

For the above reasons, the Court **GRANTS** the government's Motion to Dismiss Indictment with Prejudice (Doc. 318) and further **ORDERS** the Clerk's Office to refund to Sittenfeld the money he paid as a fine in the amount of $40,000, together with the $200 special assessment for a total of $40,200.[2]

**SO ORDERED.**

August 24, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

[2] One could see the argument that Sittenfeld is also entitled to interest on those amounts, given that he has not had the use of the funds for over two years. But Sittenfeld did not request interest, and in any event it is not clear the Court has authority to award it, so the Court declines to further explore the topic.